(No. 7255. September 27, 1945.)

STATE OF IDAHO, Respondent, v. MIKE KOSERIS, Appellant.

[162 Pac. (2d) 172.]

B. A. McDevitt and Jones, Pomeroy & Jones for appellant.

Frank Langley, Attorney General, and J. R. Smead, Assistant Attorney General, for respondent.

AILSHIE, C. J.—February 8, 1943, for violations "pertaining to gambling and the sale of intoxicating liquors", a search warrant issued for immediate search of the "30 Club, located on U. S. Highway No. 30 South," about four miles West of Pocatello. Later the sheriff of Bannock county seized three gambling tables, six slot machines, and other equipment pertaining thereto at the club. On the same day a criminal complaint was filed in the justice court of Pocatello precinct, Bannock county, charging defendant with gambling and unlawfully maintaining and operating a place where gambling was permitted, to which defendant demurred, April 3, '43; later the complaint was amended, to which demurrer was again filed. On the overruling of the demurrer, defendant filed petition in the district court for a writ of prohibition; alternative writ issued and was afterward dissolved and a permanent writ denied. From the latter order, an appeal was taken to this court.

The order of the lower court, refusing to grant a permanent writ of prohibition, was affirmed December 22, 1943. The majority of the Justices agreed to an affirmance of the judgment of the trial court, and denying a writ of prohibition, on the ground that appellant had "a plain, speedy and adequate remedy at law." (*Kaseris v. Justice Court of Pocatello Precinct*, 65 Ida. 347, 144 P. (2d) 469.) Justice Budge alone expressed his opinion, that the statute (sec. 19-305, I.C.A.) is constitutional, which issue is again raised in this case.

January 22, 1944, the cause was set for trial before Charles W. Hyde, Justice of the Peace of Pocatello precinct, Bannock county. Later, on motion of counsel for defendant and affidavit of defendant, it was ordered that the cause be transferred to William J. Ryan, Justice of the Peace. Trial was had February 4, '44, and a verdict was returned by the jury, finding defendant guilty, from which defendant appealed to the district court. It was ordered by one of the judges of that court, Honorable L. E.

Glennon, that the cause be referred for trial and disposition to Honorable C. J. Taylor, Judge of the Ninth Judicial District.

Trial before Judge Taylor and a jury was had January 16, 17, 1945, and verdict of guilty was returned. Counsel for defendant moved to set aside the verdict and for judgment of dismissal notwithstanding the verdict, which motion was denied by the court. January 20th judgment was entered, from which defendant has appealed. Notice of appeal to the supreme court was served and filed *February 15, 1945.* This was also the day the amendment to the statute (19-305, I.C.A.) was approved, giving either county (only under specified circumstances) jurisdiction of an offense committed within 500 yards of the boundary of two or more counties.

There are eight assignments of error urged by appellant: (a) Overruling defendant's demurrer and (b) overruling motion to suppress the evidence; (c) variance between the charging part of the complaint, in "operating a place where gambling was carried on and conducted", and the court's receiving the verdict of conviction, "Gambling, as alleged in the complaint"; (d) in holding that the justice court of Bannock county had jurisdiction of the cause arising in Power county; (e) in not allowing motion for advisory verdict for defendant; (f) in holding that the repeal of sec. 19-305, I.C.A., (1945 Sess. Laws, chap. 22, p. 29) did not affect this cause and the prosecution thereof, and in refusing to dismiss the cause on account thereof; (g) in denying motion to dismiss appeal; (h) and in not giving and refusing to give defendant's requested instructions. The foregoing assignments are all dependent on the constitutionality of the statute and the jurisdiction of the court to hear and consider the charge made against appellant.

The contention, that sec. 19-305, I.C.A., was repealed by chapter 22, page 29, 1945 Sess. Laws, is without merit. In the first place, the amendment is not retrospective and does not purport to be such. On the contrary, the title reads: "AN ACT amending section 19-305, Idaho Code Annotated, relating to offenses committed on county boundaries," etc. . .; nor does the amendatory matter (ital-

icised in the footnote[1]) purport to relate back to crimes already committed but rather refers to offenses that might be committed in the future. The amended section (19-305) was originally enacted by the Territorial Legislature in 1864 and embodied in the Compiled Laws of 1875 (1875 Comp. Laws, p. 375, sec. 85). That section was carried over into the Revised Statutes of 1887 (sec. 7484, R. S.) and the latter section was in effect at the time of the Constitutional Convention.

The constitution (sec. 2, art. 21) provided:

"All laws now in force in the territory of Idaho which are not repugnant to this constitution shall remain in force until they expire by their own limitation or be altered or repealed by the legislature."

It seems therefore clear that neither the framers of the constitution nor the people adopting it intended that its adoption would in effect repeal sec. 7484 of the Territorial Rev. Statutes.

The foregoing view is strengthened by the provisions of sec. 65-513, I.C.A., which was also adopted by the territorial legislature in 1864 and has been carried down through the various code revisions to the present time, reading as follows:

"The repeal of any law creating a criminal offense does not constitute a bar to the indictment and punishment of an act already committed in violation of the law so repealed, unless the intention to bar such indictment and punishment is expressly declared in the repealing act."
See *In re Jack Davis*, 6 Ida. 766, 771, 772, 59 P. 544, wherein this court said:

". . . a person who has been convicted of an offense must be punished under the law as it existed at the time of the commission of the offense, though the clause of the act

---

[1] "When a public offense is committed on the boundary of two or more counties, or within 500 yards thereof, *if the place where the crime is committed cannot be ascertained with reasonable certainty by the law enforcing officers of either county,* the jurisdiction is in either county. *Provided, however, that a prosecution in one county shall be a bar to a prosecution for the same act or offense in the other county.*"

prescribing the punishment has since been repealed by an amendment which increases the punishment."

For the reasons hereinabove set forth, and upon the authorities cited, and the authorities and reasoning set forth in the opinion of Justice Budge in *Kaseris v. Justice Court,* supra, we hold that the justice court had jurisdiction of both the appellant and the offense charged against him and, further, that chapter 22 of the 1945 Session Laws only amended and did not repeal the existing statute (19-305, I.C.A.) ; nor did it oust this court of jurisdiction to hear and determine the appeal.

Other specifications of error are deemed to be without merit and will not be further discussed here.

Judgment affirmed.

Budge and Givens, JJ., and Lee, D.J., concur.

HOLDEN, J., dissenting.—The statute upon which the conviction in this case rests, Sec. 19-305, I.C.A. (since amended, 1945 Sess. Laws, page 29, the constitutionality of which amendment is not now before the court), is unconstitutional for the reasons stated by Mr. Justice Dunlap in his dissenting opinion (in which I concurred), in *Kaseris v. Justice Court,* 65 Ida. 347, 144 P. (2d) at pages 473, 474, 475.