854 P.2d 290

**STATE of Idaho, Plaintiff–Respondent,**

v.

**George Louis BOMAN, Defendant– Appellant.**

**No. 19157.**

Court of Appeals of Idaho.

June 2, 1993.

Alan Trimming, Ada County Public Defender, Doreen C. Guenther, Deputy Public Defender, for defendant-appellant.

Larry J. EchoHawk, Atty. Gen., Joel D. Horton, Deputy Atty. Gen., for plaintiff-respondent.

SILAK, Acting Judge.

George Louis Boman was charged with attempted robbery, I.C. § 18–6501; burglary in the first degree, I.C. §§ 18–1401, –1402 and –1404; battery with intent to commit a serious felony, I.C. §§ 18–903 and –911; and use of a deadly weapon during the commission of a felony, I.C. § 19–2520. During trial, a police detective testified that Boman had admitted to being a drug addict. Boman's objection to this testimony was overruled. At the close of evidence the state moved to dismiss the attempted robbery charge. The court granted the motion and explained to the jury, over Boman's objection, the reason for the dismissal. After Boman was found guilty and sentenced he moved for reconsideration of his sentence under I.C.R. 35. The court, without a hearing, denied the motion. Boman filed a timely appeal from his judgments of conviction and sentences. For the reasons stated below we affirm.

## FACTS AND COURSE OF PROCEEDING

In September 1990, Boman entered a cafe near downtown Boise at about 10 p.m. wearing a grey hooded sweatshirt and pantyhose over his head. He grabbed a waiter, placed a knife to his throat, and demanded from the cashier, "Give me all the money or I'll cut him." When the waiter struggled with Boman he fled and the waiter followed. During this time the cashier called "911" to report the incident. The waiter observed Boman get into the

passenger side of a dark colored Maverick or Pinto and immediately speed off.

The victims gave the police a description of Boman and the car. Within minutes a car matching the description was stopped by police. Boman was in the passenger seat and a grey hooded sweatshirt was in the back seat. After an investigation, a knife with a palm print on it that matched Boman's palm print was found where the passenger door was opened. A pair of pantyhose was found on a street that was on the direct route from the cafe to the location where Boman was stopped.

Boman was arrested and interrogated by Detective Anderson. Boman denied that the sweatshirt was his, claiming that it was his wife's and that it would not fit him. Boman admitted that he had no job at that time, was a drug addict, and had "shotup" the morning of the incident. Boman was picked out of a line-up by the victims.

Before trial, Boman made a motion in limine to exclude any reference to his drug use. The court denied his motion. When Anderson started to testify at trial about Boman's drug use, Boman objected, claiming that the testimony was irrelevant and lacked foundation. The court indicated that the foundation for Anderson's testimony was that "the observations were made by a person with some knowledge to see what he observed." Boman argued, however, that the foundation required was whether there was any indication that drug use could be shown to be a motive for robbery. Boman also argued that Anderson's testimony was not admissible "just because the prosecutor says, well, I'm offering it for motive," and that no case law supports the proposition that drug use provides a motive to commit robbery. Moreover, any inference without direct evidence of a connection to this crime and his use was "just speculation." The state argued that it would be reasonable to infer that an "unemployed drug addict" had a motive to commit a robbery—to support his drug habit. The court overruled Boman's objection stating that there was no problem with the foundation and that the "rele-

vance of the evidence to the crime is qualification under 404(b)."

At the close of evidence, the state moved for dismissal of the attempted robbery charge. The court granted the motion and informed counsel that the court would indicate to the jury the reason for the dismissal. Boman objected and claimed that any explanation of the reason would be prejudicial to him. The court overruled Boman's objection and stated that the jury was entitled to know the basis for the dismissal. The court then gave the jury a short explanation of why the attempted robbery charge was being dismissed, stating:

> THE COURT: Ladies and gentlemen, in legal matters, and in discussion with the lawyers, the elements of the crime of attempted robbery as charged in count one of the information; and battery with intent to commit robbery as charged in count two—three of the information have—are the same or so similar that under the law the defendant could not be convicted of both crimes. The State has elected to dismiss the attempted robbery count and the case will go forward to you on the battery with intent to commit robbery and burglary counts.

The jury returned a guilty verdict on all counts and the court entered judgment. A sentencing hearing was held wherein Boman's wife testified on his behalf. After reviewing the presentence investigation report, the court sentenced Boman as follows: for first degree burglary he received a minimum of seven years with a unified sentence of fifteen years, enhanced for the use of a deadly weapon for a total of twelve years fixed with a unified sentence of twenty-five years; for battery with intent to commit a serious felony with an enhancement for the use of a deadly weapon, he received the same sentence as the enhanced burglary charge. Both sentences were to run concurrently. After sentencing, Boman filed a Rule 35 motion which was denied by the court without a hearing.

Boman appeals the judgment and conviction based upon claims that the court erred in permitting Anderson to testify that Boman was a drug addict and that the court

erred by explaining to the jury the reason for the dismissal of the attempted robbery charge. Boman also appeals the denial of his Rule 35 motion on the ground that the court failed to properly consider all the goals of sentencing.

### I.R.E. 404(b) MOTIVE

■ We review the admission of I.R.E. 404(b) evidence under an abuse of discretion standard and will not reverse unless the district court's ruling is clearly erroneous. *State v. Martin*, 118 Idaho 334, 336, 796 P.2d 1007, 1009 (1990). In reviewing a discretionary ruling we conduct a multi-tiered inquiry:

> (1) whether the lower court rightly perceived the issue as one of discretion; (2) whether the court acted within the outer boundaries of such discretion and consistently with any legal standards applicable to specific choices; and (3) whether the court reached its decision by an exercise of reason.

*State v. Hedger*, 115 Idaho 598, 600, 768 P.2d 1331, 1333 (1989) (citing *Associates Northwest, Inc. v. Beets*, 112 Idaho 603, 605, 733 P.2d 824, 826 (Ct.App.1987)).

■ The applicable legal standard that must be satisfied is a two-part test. The first is whether the evidence is relevant, and the second is whether the probative value of the evidence is outweighed by unfair prejudice to the defendant. *State v. Beason*, 95 Idaho 267, 278, 506 P.2d 1340, 1351 (1973); *State v. Brazzell*, 118 Idaho 431, 434, 797 P.2d 139, 142 (Ct.App.1990), *rev. denied;* I.R.E. 401, 403. The disputed evidence must be "relevant to a material and disputed issue concerning the crime charged." *Brazzell*, 118 Idaho at 434, 797 P.2d at 142. We hold that the testimony about Boman's drug addiction should not have been admitted, however the error was harmless.

At trial and on appeal, Boman argues that the fact that he was a drug addict was not relevant. Boman argues that to be relevant the evidence must relate to a material issue concerning the crime charged and that the state never offered any evidence to show that Boman's drug addiction was relevant to the elements of the crimes charged.

■ Evidence must tend to prove or disprove a fact "of consequence to the determination of the action" to be relevant. I.R.E. 401. Facts of consequence are facts bearing on the elements of the crimes charged. *Brazzell*, 118 Idaho at 434, 797 P.2d at 142. The elements of first degree burglary include: (1) entry into a certain type of structure; (2) in the night time; and (3) with the intent to commit any theft or any felony. I.C. §§ 18-1401, -1402. The elements of battery with the intent to commit a serious felony (robbery) include: (1a) willful and unlawful use of force; (1b) against the person of another; or (2a) actual, intentional and unlawful touching or striking; (2b) another person; (2c) against the will of the other; and (3a) with the intent to; (3b) take; (3c) the personal property; (3d) in the possession of another; (3e) from the person or immediate presence; (3f) against the will; (3g) by force or fear. I.C. §§ 18-903, -911, -6501. At trial the state supported its position that Boman's drug use was being used to show that Boman had a motive to rob the cafe.

We are not persuaded Anderson's testimony that Boman admitted to being a "dope addict" was relevant to a material issue or fact of consequence in the action. There was no other proof offered by the prosecution that Boman needed drugs or that he did not have money at the time to buy drugs. "Viewed in best light, what the prosecution was attempting here was to show that the uncharged bad acts—drug [addiction]—provided the" motive for the attempted robbery. *Brazzell*, 118 Idaho at 435, 797 P.2d at 144. However, a bare allegation that Boman's drug addiction is relevant to prove motive is nothing more than speculation. We believe that the court erred by admitting detective Anderson's testimony that Boman was a drug addict.

■ We next address whether the error in admitting Anderson's testimony was harmless error. An error is harmless if, and only if, the appellate court is able to

say, beyond a reasonable doubt, that the jury would have reached the same result absent the error. *State v. LePage*, 102 Idaho 387, 393, 630 P.2d 674, 680 (1981) (citing *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 828, 17 L.Ed.2d 705 (1967)); *Brazzell*, 118 Idaho at 435, 797 P.2d at 144. The record shows that there was overwhelming evidence to support a jury verdict of guilty. The two victims gave the police immediate descriptions of the assailant and the getaway car. Boman was apprehended within minutes of the attempted robbery within a mile of the cafe. The car in which Boman was riding matched the description; a grey sweatshirt was located in the car which matched the description; Boman's physical appearance including the clothes he was wearing also matched their description. A knife was found with Boman's palm print on it next to where the car was stopped. A pair of pantyhose was found in the street along the route the car in which Boman was riding had driven. The victims identified Boman in a line-up. We are convinced beyond a reasonable doubt that the jury would have reached the same result absent the error. Therefore, the erroneous admission of testimony regarding Boman's drug addiction was harmless.

## COMMENT BY THE COURT

■ Boman appeals the trial court's decision to give an explanation to the jury as to why the court was granting the state's motion to dismiss the attempted robbery charge. Boman argues that the explanation amounted to an impermissible comment on the weight of the evidence. The court made the following statement:

Ladies and gentlemen, in legal matters, and in discussion with the lawyers, the elements of the crime of attempted robbery as charged in count one of the information; and battery with intent to commit robbery as charged in count two—three of the information have—are the same or so similar that under the law the defendant could not be convicted of both crimes. The State has elected to dismiss the attempted robbery count and the case will go forward to you on the bat-

tery with intent to commit robbery and the burglary counts.

Boman and the state agree that:

Remarks or comments by a trial judge which would tend to prejudice either of the parties to a jury trial are proscribed because of the great possibility that such an expression will influence the jurors. Remarks which are prejudicial are those which constitute comment on the weight of the evidence, or indicate an opinion of the court as to the guilt or innocence of the defendant.

*State v. White*, 97 Idaho 708, 711–12, 551 P.2d 1344, 1347–48 (1976) (citation omitted). The state, however, argues that the court's explanation did not go beyond "mere elucidation" and was not a "clear and unambiguous" comment on a "critical issue in the case" to the point that it was prejudicial. We agree.

The trial court's statement at issue in *White* was, "I don't think there is any evidence she had an opportunity to drive away." *White*, 97 Idaho at 711, 551 P.2d at 1347. This statement, the Supreme Court determined, was error because it went to the issue of consent in a kidnapping trial and was clearly and unambiguously a comment on the weight of the evidence. Boman claims that the court's statement, "the defendant could not be convicted of both crimes," may have, unwittingly, suggested to the jury that enough evidence had been presented for it to convict on the remaining charges. We disagree. The court's statement as to why the attempted robbery charge was dismissed was a permissible clarifying explanation that is not clearly and unambiguously a comment on the weight of the evidence as was the statement in *White*. We find no error in the court's explanation.

## DENIAL OF RULE 35 MOTION

■ The district court sentenced Boman to a minimum of seven years with a unified sentence of fifteen years for first degree burglary, which was enhanced for the use of a deadly weapon to a fixed twelve-year sentence and an indeterminate sentence of

twenty-five years. For battery with intent to commit a serious felony, with the same enhancement, he received the same sentence as on the burglary charge. Both sentences were to run concurrently.

Boman argues that the district court erred in denying his motion for leniency under I.C.R. 35. The denial of a Rule 35 motion is reviewed on the same basis as the imposition of sentence, *State v. Smith*, 117 Idaho 657, 658, 791 P.2d 38, 39 (Ct.App. 1990), allowing for any additional or new evidence presented. *State v. Forde*, 113 Idaho 21, 22, 740 P.2d 63, 64 (Ct.App.1987). Boman has failed to provide any record of the submission of additional facts to the Court in connection with his Rule 35 motion. Accordingly, we review the denial of the Rule 35 motion as if reviewing the sentence itself.

The defendant on sentence review has the burden to prove the sentence excessive and therefore unreasonable. As our Supreme Court has recently stated:

In determining whether a sentence is excessive ..., we review all the facts and circumstances in the case and focus on whether the trial court abused its discretion in fixing the sentence.

....

[T]he general objectives of sentence review are:

(i) to correct the sentence which is excessive in length, having regard to the nature of the offense, the character of the offender, and the protection of the public interest;

(ii) to facilitate the rehabilitation of the offender by affording him an opportunity to assert grievances he may have regarding his sentence;

(iii) to promote respect for law by correcting abuses of the sentencing power and by increasing the fairness of the sentencing process; and

(iv) to promote the development and application of criteria for sentencing which are both rational and just.

....

Where reasonable minds might differ as to the sufficiency of time of confinement, the discretion vested in the sentencing court in imposing sentence will be respected. Our task is one of deciding whether a clear abuse of that discretion has been affirmatively shown and the question is whether the sentence is unreasonable upon the facts of the case. To establish that the sentence imposed was improper, the defendant must show that in light of the governing criteria, [the] sentence was excessive under any reasonable view of the facts.

*State v. Brown*, 121 Idaho 385, 393, 825 P.2d 482, 490 (1992) (citing *State v. Broadhead*, 120 Idaho 141, 143–45, 814 P.2d 401, 403–05 (1991) (citations omitted)).

The district court held a sentencing hearing and considered the presentence investigation report (PSI). The PSI revealed felony convictions for two robberies and one battery on a peace officer along with a number of felony burglary and robbery charges that were reduced or the disposition was unknown. Boman's wife testified in mitigation claiming that he had a loving family and could get a job if not incarcerated. The court heard arguments on the goals of sentencing before it sentenced Boman. Boman's counsel argued for consideration of rehabilitation and noted the goals of deterrence and retribution. The state argued for the protection of society and noted that Boman was not a good candidate for rehabilitation because he had not successfully completed a prior parole. The court considered the nature of the crimes and Boman's character; the violent and personal nature of the crimes; and Boman's long criminal history, and then pronounced sentence. After a thorough review of the record we find that the court did not abuse its discretion in imposing the sentences nor in refusing to reduce them under the Rule 35 motion.

We affirm the judgments of conviction and sentences.

WALTERS, C.J., and SWANSTROM, J., concur.