**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 36373**

| | | |
|---|---|---|
| STATE OF IDAHO, | ) | 2010 Unpublished Opinion No. 664 |
| | ) | |
| Plaintiff-Respondent, | ) | Filed: October 12, 2010 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| JAMES ORVEN SUKRAW, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Defendant-Appellant. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Deborah A. Bail, District Judge.

Judgment of conviction for battery upon a correctional officer, <u>vacated</u> <u>and</u> <u>remanded</u>.

Molly J. Huskey, State Appellate Public Defender; Sarah E. Tompkins, Deputy Appellate Public Defender, Boise, for appellant. Sarah E. Tompkins argued.

Hon. Lawrence G. Wasden, Attorney General; Jessica M. Lorello, Deputy Attorney General, Boise, for respondent. Kenneth K. Jorgensen argued.

_____

MELANSON, Judge

James Orven Sukraw appeals from his judgment of conviction for battery upon a correctional officer. Specifically, Sukraw argues that the district court erred when it sentenced Sukraw for a felony. For the reasons set forth below, we vacate the judgment of conviction and remand.

**I.**

**FACTS AND PROCEDURE**

While Sukraw was incarcerated, he attended a meeting with correctional officers to address his concerns about officers confiscating his legal paperwork. During this meeting, Sukraw became upset and aggressive with the officers and refused to return to his cell. As a result, the officers attempted to physically remove Sukraw from the meeting. As the officers lifted Sukraw from his chair, Sukraw resisted and kicked one of the officers in the torso multiple times.

1

After a trial, a jury found Sukraw guilty of felony battery upon a correctional officer. I.C. §§ 18-915(c), 18-903. Sukraw filed a motion to reduce his felony to a misdemeanor, asserting that the jury instructions omitted essential elements of the felony.[1] The district court granted the motion. Thereafter, the state filed a motion to reconsider the district court's order, arguing that the district court relied upon an incorrect version of I.C. § 18-915. The district court granted the motion to reconsider, holding that the facts presented at trial supported all the elements of the felony statute in effect at the time the battery occurred. The district court sentenced Sukraw to a unified term of five years, with a minimum period of confinement of one and one-half years. Sukraw appeals.

## II.

## ANALYSIS

Sukraw argues that, because the jury at his trial was improperly instructed on the crime of felony battery upon a correctional officer, this case should be remanded for resentencing on misdemeanor battery. The question whether the jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2004). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Sukraw argues that the jury instructions during his trial were erroneous because they omitted an essential element of the crime of felony battery upon a correctional officer. The state concedes that the jury was not properly instructed because the instructions omitted the element requiring the state to prove that the battery was committed because of the officer's official status. The state and Sukraw agree that the omission of this essential element is fundamental error which the Court may freely review on appeal. *See State v. Hickman*, 146 Idaho 178, 181-82, 191 P.3d 1098, 1101-02 (2008). However, when a fundamental error has occurred, this Court will not reverse a conviction if the fundamental error was harmless. *Id*. at 182, 191 P.3d at 1102. Therefore, the Court's inquiry is two-fold. First, we must determine whether the element's omission constituted harmless error. Second, if this Court determines that the omission was not harmless error, we must decide whether the appropriate remedy is to remand to the district court for resentencing or for a new trial.

---

[1] Sukraw's counsel did not object to the jury instructions at trial.

2

## A.     Harmless Error

Sukraw was charged with battery upon a correctional officer under former I.C. § 18-915(c),[2] which stated:

> For committing a violation of the provisions of section 18-901 or 18-903, Idaho Code, against the person of a . . . correctional officer . . . and the person committing the offense knows or reasonably should know that such victim is a . . . correctional officer . . . *because of the victim's former or present official status*, and the victim is engaged in the performance of his duties, the offense shall be a felony punishable by imprisonment in a correctional facility for a period of not more than five (5) years, and said sentence shall be served consecutively to any sentence currently being served.

(Emphasis added).  At trial, the district court instructed the jury as follows:

> If you find the defendant guilty of battery, you must next consider whether the State has proven both the following:  [one], at the time of the offense [the officer] was a correctional officer, and [two], that the defendant knew or had reason to know [the officer] was a correctional officer.

The jury was not instructed that, in order to find Sukraw guilty, it must find that the battery was committed because of the victim's former or present official status.[3]  Sukraw argues that the

---

[2]     Idaho Code Section 18-915 was amended in 2008, after the battery occurred, but prior to Sukraw's sentencing.  In amending the statute, the legislature stated, in pertinent part:

> The 2001 amendments had the unintended consequence of requiring the state to prove that the offender committed the assault or battery not only while the victim was engaged in the performance of his or her duties but also committed the assault or battery because of the victim's employment status.
> This legislation removes that unintended consequence.

Statement of Purpose, SB 1362 (2008).  In this case, the district court relied upon the amended 2008 version of I.C. § 18-915 in its order granting Sukraw's motion for sentencing as a misdemeanor.  However, the version of the statute at the time the offense was committed controls.  *See State v. Koseris*, 66 Idaho 449, 453-54, 162 P.2d 172, 173 (1945).  As such, this opinion addresses the application of the former statute, prior to the 2008 amendments.

[3]     The jury was also not instructed on the statute's final requirement that the battery occurred while the victim was engaged in the performance of his duties.  However, Sukraw concedes on appeal that the parties presented sufficient evidence at trial to demonstrate that the correctional officer was engaged in the performance of his duties at the time that Sukraw committed the battery.  As such, Sukraw concedes that the omission of that element constituted harmless error and does not challenge that omission on appeal.

3

omission of this element was not harmless error because the state failed to present any evidence to prove that Sukraw kicked the officer because of his official status.

To determine whether the omission of an essential element from jury instructions is harmless error, this Court must determine whether it appears beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained. *Neder v. United States*, 527 U.S. 1, 15 (1999); *State v. Field*, 144 Idaho 559, 572, 165 P.3d 273, 286 (2007); *State v. Boman*, 123 Idaho 947, 950-51, 854 P.2d 290, 293-94 (Ct. App. 1993). In other words, an omission constitutes harmless error if the reviewing court cannot conclude beyond a reasonable doubt that the jury verdict would have been the same absent the omission. *Neder*, 527 U.S. at 19. Relevant to this inquiry is whether the evidence presented on the omitted element is overwhelming or uncontested. *Id*. at 17; *see also State v. Hansen*, 148 Idaho 442, 445, 224 P.3d 509, 512 (Ct. App. 2009). When applying this test, the appellate court independently reviews the evidence to determine whether the state has demonstrated that the jury would have reached the same result absent the error. *See Field*, 144 Idaho at 572, 165 P.3d at 286; *Boman*, 123 Idaho at 950-51, 854 P.2d at 293-94.

However, in *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007), the Idaho Supreme Court set forth a slightly different harmless error test. The Court suggested that the question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction. *Id*.; *see also Chapman v. California*, 386 U.S. 18, 23 (1967). This test, as set forth in *Chapman*, does not examine whether the jury would have reached the same result without the error but, rather, it looks to whether the error influenced the jury in reaching its verdict. *See* 3 WAYNE R. LaFAVE, JEROLD H. ISRAEL, & NANCY J. KING, CRIMINAL PROCEDURE § 27.6(e) (2d ed. 1999). We recognize that, in addition to holding that the state failed to satisfy the *Chapman* test, the Court in *Anderson* also held that it could not "conclude beyond a reasonable doubt that the jury would have reached the same conclusion had it faced all of the statutory elements." *Anderson*, 144 Idaho at 749, 170 P.3d at 892.[4] We need not now decide

---

[4]     We note that previous Idaho appellate decisions have applied the same harmless error test applied in *Anderson*. *See, e.g,* . *State v. Fernandez*, 124 Idaho 381, 383-84, 859 P.2d 1389, 1391-92 (1993) (holding that the test is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction and that the court must be able to declare

4

whether our Supreme Court has described two separate standards for determining harmless error. We conclude that, under either inquiry, omitting the instruction was not harmless.[5]

The state argues that the instructional error in this case was harmless because testimony at trial demonstrated that Sukraw committed the battery because of the officer's official status. The state refers to testimony by witnesses present at the time of the battery, which illustrated that Sukraw committed the battery because he was angry at the officers for taking his legal paperwork and for physically removing him from the meeting. The state, therefore, argues that Sukraw's motive for kicking the officer was due to the officer's performance of his official duties, which amounts to committing the battery because of the officer's official status. Accordingly, the state asserts that, had the jury been properly instructed, the verdict returned would have been the same. As a result, the state contends, the erroneous instruction was harmless.

Sukraw disagrees and refers to the state's closing argument where the prosecution informed the jury that the Sukraw's motive for the battery was irrelevant. While Sukraw concedes that evidence was presented that he kicked the officer because he was angry at his legal papers being confiscated and because he was being physically removed from the meeting, Sukraw disputes the state's contention that this evidence overwhelmingly proves that he kicked the officer because of the officer's status. Sukraw contends that his motive for the battery was due to the officer's actions, which he argues is different than committing battery due to the officer's status. Sukraw asserts that the state presented no evidence to illustrate that Sukraw's anger toward the officer was due to the officer's status. As a result, Sukraw argues that this lack of evidence demonstrates beyond a reasonable doubt that, had the jury been instructed properly,

a belief that it was harmless beyond a reasonable doubt). In cases of federal constitutional error, the United States Supreme Court also appears to examine both whether the error contributed to the verdict and whether a rational jury would have found the defendant guilty absent the error. *Se,e e.g., Neder*, 527 U.S. at 15-18.

[5] This Court acknowledges the recent Idaho Supreme Court decision in *State v. Perry*, Docket No. 34846 (July 23, 2010) (reh'g pending), which discusses the harmless error test for the omission of an essential element from a jury instruction. While this opinion relies on prior law, it is consistent with the Court's decision in *Perry*.

the jury's verdict would have been different. Therefore, Sukraw argues, the omission of the element was not harmless error.

The Idaho Supreme Court's decision in *State v. Yager*, 139 Idaho 680, 85 P.3d 656 (2004), provides some guidance as to what type of evidence may demonstrate that a person is battered because of his or her official status. In *Yager*, an on-duty police officer was murdered as she was walking to her patrol car in the parking lot of an Idaho State Police District Office. A jury found Yager guilty of first degree murder of a police officer. Prior to sentencing, the district court concluded that the state failed to establish beyond a reasonable doubt any of the statutory aggravating factors for the imposition of the death penalty and sentenced Yager to life imprisonment. One of the issues on appeal was the district court's interpretation of one of the statute's aggravating factors. As part of its analysis, the district court concluded that that state failed to show any prior interaction or relationship between Yager and the officer to explain why Yager committed the murder. The district court held that Yager must have committed the murder because of the officer's employment status.[6] The district court found that, at the time the officer was murdered, she was walking to her car in a parking lot and did not interact with Yager prior to her murder. On appeal, the Idaho Supreme Court held that the district court's findings and interpretation were reasonable. *Yager*, 139 Idaho at 691, 85 P.3d at 667.

Former I.C. § 18-915(c) was not a model of clarity. Its poor construction, as recognized by the legislature in the 2008 amendment's Statement of Purpose, resulted in unintended consequences. Regardless, the plain language of the statute required the state to prove not only that the victim was engaged in the performance of his or her duties, but also that the battery was committed because of the victim's status. Where the language of a statute is plain and unambiguous, this Court must give effect to the statute as written, without engaging in statutory construction. *State v. Rhode*, 133 Idaho 459, 462, 988 P.2d 685, 688 (1999); *State v. Burnight*, 132 Idaho 654, 659, 978 P.2d 214, 219 (1999); *State v. Escobar*, 134 Idaho 387, 389, 3 P.3d 65, 67 (Ct. App. 2000). The language of the statute is to be given its plain, obvious, and rational meaning. *Burnight*, 132 Idaho at 659, 978 P.2d at 219. The elements at issue in this case appeared consecutively in the former statute and were joined by a conjunction. As a result, the

---

[6]     At the time, murdering a peace officer because of the officer's status was not a statutory aggravating factor for the death penalty.

state was required to prove both that the battery occurred during the course of the officer's duties and because of the officer's status.

In this case, the jury was deprived of the opportunity to decide if Sukraw battered the officer because of his official status. While the jury was presented with evidence of Sukraw's possible motive, the significance of such evidence was diminished by the prosecution during closing argument when the jury was told that such evidence was irrelevant. Further, the disagreement between Sukraw and the state regarding what evidence was required to demonstrate that the officer was battered because of his official status illustrates that, had the jury been instructed on this issue, a different verdict may have been reached. As a result, the evidence presented on the omitted element was far from overwhelming or uncontested. Therefore, after a review of the record, we cannot say beyond a reasonable doubt that the element's omission did not contribute to the jury's verdict. In addition, there is a reasonable probability that the omission of the instruction influenced the jury in reaching its verdict, particularly considering the prosecution's statement that the motive for the crime did not matter. For that reason, the element's omission did not constitute harmless error.

**B.     Remedy**

Finally, Sukraw argues that, because the erroneous jury instructions were not harmless, this Court should remand the case to the district court for resentencing. Sukraw argues that, because the jury was instructed on elements of a misdemeanor, he should be sentenced for misdemeanor battery under I.C. §§ 18-903 and 18-904.

While this Court agrees that the instructional error in this case was not harmless, we cannot agree that this case should be remanded for resentencing. An instructional error is not a sentencing error. *See Hickman*, 146 Idaho at 180-81, 191 P.3d at 1100-01. Here, the jury was deprived of an opportunity to decide if Sukraw committed the battery because of the officer's official status. Therefore, this case is remanded to the district court for a new trial.

### III.

### CONCLUSION

The jury instructions in this case omitted an essential element of the crime of battery upon a correctional officer. This instructional error was not harmless. Therefore, we vacate Sukraw's judgment of conviction and remand for a new trial.

Judge GUTIERREZ and Judge GRATTON, **CONCUR.**

7