885 P.2d 381 (1994)
126 Idaho 422
IDAHO DEPARTMENT OF LAW ENFORCEMENT By and Through Richard L. CADE, Director, Plaintiff-Respondent,
v.
Real Property Located in Minidoka County, Idaho, together with all fixtures and appurtenances, more particularly described as: Lot 2 in Block 5 of Vista Village Addition to the city of Rupert, Minidoka County, Idaho, according to the official plat thereof, now on file in the office of the County Recorder, Minidoka County, Idaho, recorded April 3, 1961 in Book 8 of Miscellaneous, page 376, Minidoka County records. Subject to: a utility easement as shown by plat of Vista Village, dated March 17, 1961, executed by Lawrence L. Wright and Anne Julia Wright, husband and wife, and Marion D. Wright and Lorraine Wright, husband and wife, doing business as Wright Brothers, to the public, recorded April 3, 1961 in Book 8 of Miscellaneous, page 376, Minidoka County records. The effects of protective covenants of Vista Village, dated March 17, 1961. Executed by Lawrence L. Wright and Julia Wright, husband and wife, and Marion D. Wright and Lorraine Wright, husband and wife, doing business as Wright Brothers, a partnership, to the public, recorded April 3, 1961 in Book 8 of Miscellaneous, page 377, Minidoka County records, which recites inter alias covers all of Blocks 2, 3 and 5 and lots 1, 2, 3, 4, 5, and 6 in Block 4 of Vista Village; sets forth architectural control; restricts the area to residential use only and states dwellings shall not be less than 800 square feet and cost less than $9500.00, Defendants, and
Richard and Kathie FREE, Real Parties in Interest-Appellants.
No. 20626.
Supreme Court of Idaho Twin Falls.
June 8, 1994.
*382 Service, Gasser & Kerl, Pocatello, for appellants. Steven V. Richert argued.
Larry EchoHawk, Idaho Atty. Gen., Clayne S. Zollinger, Jr., Deputy Atty. Gen., Boise, argued, for respondent.
TROUT, Justice.
Richard and Kathie Free (the "Frees") appeal from the denial of their motion to dismiss and the grant of summary judgment in favor of the Department of Law Enforcement (the "Department") and the subsequent issuance of a civil forfeiture order for their home, pursuant to I.C. § 37-2744A following Kathie Free's guilty plea to one count of felony delivery of marijuana which delivery allegedly took place in the Frees' home.

BACKGROUND AND PROCEDURAL HISTORY
In August of 1992, Richard and Kathie Free were charged with the delivery of one-quarter ounce of marijuana, valued at $60.00, which delivery allegedly was made by Kathie Free to one Oscar Gonzalez, a police informant, and which allegedly took place in a bedroom of the Frees' home. In January of 1993 Kathie Free pled guilty to the allegations of the complaint against her. All charges against Richard Free were dropped.
In December of 1992, the Department filed a complaint to forfeit the Frees' home pursuant to I.C. § 37-2744A.[1] The Frees, as real parties in interest, filed a motion to dismiss on or about January 6, 1993, claiming that I.C. § 37-2744A unconstitutionally denied their right to a jury trial under the Idaho Constitution and that the proposed forfeiture was excessive in violation of the Excessive Fines Clause of the Eighth Amendment of the United States Constitution. On or about February 4, 1993, the Department filed a motion for summary judgment, based on Kathie Free's guilty plea.
On April 26, 1993, the district court granted the Department's summary judgment motion and denied the Frees' motion to dismiss. On May 11, 1993, the district court entered an order forfeiting the Frees' home. The Frees appeal the denial of their motion to dismiss, the grant of summary judgment and the issuance of the forfeiture order.

DISCUSSION

I.

I.C. § 37-2744A IS SUBJECT TO EXCESSIVE FINES ANALYSIS
Since the district court's decision and order in this case, the United States Supreme Court decided Austin v. United States, ___ U.S. ___, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). In Austin, the Supreme Court held that the Excessive Fines Clause of the Eighth Amendment applies to civil in rem forfeitures of property under 21 U.S.C. §§ 881(a)(4) and (a)(7), the federal forfeiture statute on which I.C. § 37-2744A is modeled.[2]
*383 In Austin, the United States initiated civil forfeiture proceedings pursuant to the federal forfeiture scheme in 21 U.S.C. §§ 881(a)(4) and (a)(7) against a body shop and mobile home after the owner pled guilty to a drug offense. The district court granted summary judgment to the United States based on the affidavit of an officer that Austin had brought two ounces of cocaine from the home to the body shop to consummate a drug sale. The district court rejected Austin's argument that forfeiture of the properties would violate the Eighth Amendment's prohibition against excessive fines. The Ninth Circuit affirmed, holding that the Excessive Fines Clause of the Eighth Amendment is inapplicable to civil in rem forfeitures.
The Supreme Court reversed, holding that the Excessive Fines Clause does apply to civil in rem forfeitures. The Court reached this conclusion through a three-part analysis. First, the Court held that the Eighth Amendment proscriptions, including that against excessive fines, apply in both criminal and civil contexts. Austin, ___ U.S. at ___-___, 113 S.Ct. at 2804-05. Second, the Court held that for purposes of determining whether an Excessive Fines Clause analysis applies, the question is not whether the forfeiture is civil or criminal but whether the forfeiture constitutes punishment, at least in some part. Id. at ___, 113 S.Ct. at 2806. Third, the Court determined that the forfeiture provisions of 21 U.S.C. §§ 881(a)(4) and (7) were properly considered punitive, at least in part. Id. at ___, 113 S.Ct. at 2810.[3]
The forfeiture provisions of I.C. § 37-2744A are virtually identical to the federal statute at issue in Austin. We are persuaded that the analysis in Austin applies equally to I.C. § 37-2744A. The civil designation of I.C. § 37-2744A is not dispositive. Further, I.C. § 37-2744A is punitive at least in part. Thus, we hold that the Excessive Fines Clause applies to in rem forfeitures made pursuant to I.C. § 37-2744A.[4] The district court granted summary judgment based on Kathy Free's guilty plea and rejected her Eighth Amendment argument because it believed it was precluded from applying the excessiveness analysis to a civil forfeiture. The Supreme Court's holding in Austin makes clear that the criminal-civil distinction is not determinative; rather, it is the punitive nature of the forfeiture which controls.[5]
The Department argues that I.C. § 37-2744A(e) precludes the possibility that the forfeiture could be excessive because that subsection provides that "[t]he size of the property forfeited shall not be unfairly disproportionate to the size of the property actually used in violation of the provisions of this section." According to the Department, this provision would preclude, for example, the taking of an area the size of Texas if only one acre were used to grow marijuana. However, according to the Department, this size argument is not applicable in this case because the property involved here, a house, is not divisible.
The Department appears to be arguing two different things. First, that as a matter of law, subsection (e) renders I.C. § 37-2744A free from Eighth Amendment scrutiny. Second, that in this case, since the house is not divisible, there can be no Eighth Amendment violation. Neither part of this argument is convincing. The fact that the *384 statute purports to limit the size of a property which could be taken does not preclude the possibility that the property actually taken could constitute an excessive fine under the Eighth Amendment. Subsection (e) cannot shield the forfeiture from Eighth Amendment review. Further, the mere fact that the real property taken is not divisible does not preclude the possibility that the forfeiture is excessive.
In Austin, the Supreme Court refused to establish a multi-factor test for determining whether a forfeiture is constitutionally excessive. The Supreme Court remanded the case because the court of appeals had not had occasion to consider what factors should inform such a decision since the court of appeals considered such analysis foreclosed; although the court of appeals had opined that "`the government is exacting too high a penalty in relation to the offense committed.'" Austin, ___ U.S. at ___, 113 S.Ct. at 2812 (citing Yee v. City of Escondido, ___ U.S. ___, ___, 112 S.Ct. 1522, 1534, 118 L.Ed.2d 153 (1992)). The Court considered it prudent to let the lower courts consider that question in the first instance. Id., ___ U.S. at ___, 113 S.Ct. at 2812.
The facts of this case convince us to follow a similar course. As in Austin, the district court noted that it considered the forfeiture before it to be unwarranted under the facts. However, as in Austin, the district court had no occasion to consider what factors should inform such a decision because it thought it was foreclosed from engaging in the inquiry. The district court did not specifically consider any factors which might make the forfeiture excessive. Prudence dictates that we remand this case to the district court for an initial determination under circumstances where the excessiveness issue has been fully litigated. We note that the Austin Court mentioned one possible measure of an in rem forfeiture's excessiveness could be the relationship between the forfeited property and the offense. We note further, however, that the Court refused to limit the consideration of other possible factors. ___ U.S. at ___ n. 15, 113 S.Ct. at 2812 n. 15.[6]

II.

I.C. § 37-2744A VIOLATES THE RIGHT TO A JURY TRIAL UNDER THE IDAHO CONSTITUTION
This Court has not had prior occasion to address the constitutionality of that part of I.C. § 37-2744A which denies a jury trial in forfeiture proceedings. I.C. § 37-2744A(d)(3)(D). However, on the issue of the constitutional right to a jury trial, this Court has stated that Article 1, § 7 of the Idaho Constitution preserves the right to jury trial as it existed at the common law and under the territorial statutes when the Idaho Constitution was adopted in 1889.[7]State v. Bennion, 112 Idaho 32, 37, 730 P.2d 952, 957 (1986). This standard of construction applies in both the civil and criminal contexts. Id. at 37, 730 P.2d at 957.
Neither appellant nor respondent cites any dispositive Idaho authority on the question of whether there is a right to a jury trial under Article 1, § 7 of the Idaho Constitution for civil in rem forfeiture proceedings. Independent research has not revealed any dispositive Idaho authority. However, we have considered both American and English common law on this issue and conclude that there is a right to a jury trial under the Idaho *385 Constitution for an in rem civil forfeiture proceeding under I.C. § 37-2744A. In so holding, we join the majority of states and federal courts which have considered this issue in cases involving similar constitutional provisions and forfeiture statutes.
Those courts which have considered this issue have generally found there to be a constitutional right to jury trial in in rem civil forfeiture proceedings under forfeiture statutes similar to I.C. § 37-2744A. For illustrative purposes, we remark upon some of these decisions. In United States v. One 1976 Mercedes Benz 280S, Serial No. 11602012072193, 618 F.2d 453 (7th Cir.1980), a case involving the federal drug forfeiture statute, the court conducted a thorough historical review of English and American forfeiture practice prior to the adoption of the Bill of Rights in 1791 and concluded that both English and American practice recognized jury trials of civil in rem actions at common law as the proper mode of determining the propriety of statutory forfeitures. Id. at 466.
In In re Forfeiture of 1978 Chevrolet Van VIN: CGD1584167858, 493 So.2d 433 (Fla. 1986), the Florida Supreme Court considered whether the Florida Constitution, which provides that the "right of trial by jury shall be secure and remain inviolate" and which has been interpreted to guarantee the right to trial by jury in cases in which the right was enjoyed at the time the state's first constitution became effective in 1845, required a jury trial for a civil in rem forfeiture under Florida's Contraband Forfeiture Act. The Florida Supreme Court agreed with the conclusions of the court in Mercedes Benz and concluded that "as of 1845 there was a right to a jury trial in in rem forfeiture proceedings heard in the common law courts." Id. at 436. In so holding, the court observed that it was joining the majority of jurisdictions which had similar constitutional provisions and had held there was a right to jury trial in civil forfeiture proceedings. Id. (citing People v. One 1941 Chevrolet Coupe, 37 Cal.2d 283, 231 P.2d 832 (1951); State v. 1920 Studebaker Touring Car, 120 Or. 254, 251 Pac. 701 (1926); Keeter v. State ex rel. Saye, 82 Okla. 89, 198 Pac. 866 (1921); Colon v. Lisk, 13 A.D. 195, 43 N.Y.S. 364, aff'd, 153 N.Y. 188, 47 N.E. 302 (1897)). See also Commonwealth v. One 1972 Chevrolet Van, 385 Mass. 198, 431 N.E.2d 209 (1982) (citing general English and American rule to support the holding that there existed a right to jury trial at common law and that right was preserved). As further support for its determination, the Florida Supreme Court noted that in 1829 the territorial government expressly made English common and statutory law as of July 4, 1776 part of the law of Florida. The court concluded, therefore, that at least as of 1829 the English practice of jury trial in statutory forfeiture proceedings became part of the territorial law of Florida. In re Forfeiture of 1978 Chevrolet Van, 493 So.2d at 436-37. Idaho adopted a similar provision in 1864, which provided that "[t]he common law of England so far as the same is not inconsistent with the provisions of the constitution and laws of the United States, the organic act and laws of this territory, be the law of the land in this territory." Terr.Laws 1863-1864, p. 527, § 1. This provision has remained in effect and is currently codified at I.C. § 73-116.
More recently, in Medlock v. 1985 Ford F-150 Pick Up VIN 1FTDF15YGFNA22049, 308 S.C. 68, 417 S.E.2d 85 (1992), the South Carolina Supreme Court held that there is a right to jury trial in state civil forfeiture proceedings since such proceedings were triable to a jury under common law when the state constitution was adopted. The South Carolina Constitution provides that the "right of trial by jury shall be preserved inviolate" and that provision has been interpreted by the South Carolina Supreme Court to guarantee a right to jury trial where that right existed at the time of the adoption of the Constitution in 1868. Id. 417 S.E.2d at 86. Having determined that there is a right to a jury trial, the Supreme Court found that the provision of the forfeiture statute at issue, denying a jury trial, was unconstitutional. The court reversed the trial court's order denying a jury trial and remanded the case for a new trial. Id. at 87.
The Department cites Section 7243 of the Territorial Statutes to support its argument *386 that any forfeitures at common law were abolished by the Idaho territorial legislature:
[n]o conviction of any person for crime works any forfeiture of any property, except in cases in which a forfeiture is expressly imposed by law; and all forfeitures to the people of this Territory, in the nature of a deodand, or where any person shall flee from justice, are abolished.
The Department admits that even the territorial statutes did provide for some forfeitures and cites to certain statutes, for example the statute which provided for forfeiture of public office and fines relating to public office.
The Department's argument is not convincing. As noted by the Supreme Court in Austin, three types of forfeiture existed in England  deodand (the forfeiture to the Crown of the value of an inanimate object causing the death of a King's subject), forfeiture for a felony or treason, and statutory forfeiture. Only statutory forfeiture took hold in the United States. Austin, ___ U.S. at ___-___, 113 S.Ct. at 2806-07. Thus, Section 7243, as cited by the Department is consistent with the statement of the Supreme Court in Austin that deodand and felony forfeiture did not take hold in the United States. In addition, the fact that there were statutory forfeitures, as even the Department recognizes, also is in accord with the statement in Austin. Thus, Section 7243, as cited by the Department, does not support the Department's argument that forfeitures did not exist in Idaho at the time the constitution was adopted.
It is uncontroverted that forfeitures existed, and were afforded a jury trial, under English and American practice. In addition, Idaho's statutes adopted the common law of England unless otherwise provided and neither the Department nor independent research has revealed any provision limiting the right to jury trial in forfeiture actions. We find it unlikely, given the general rule regarding forfeitures under the English and American law, that Idaho held otherwise at the time it adopted its Constitution. We hold, therefore, that there is a right to jury trial for forfeiture proceedings under I.C. § 37-2744A because that right existed at common law when the Idaho Constitution was adopted and that, to the extent that I.C. § 37-2744A denies such right, it is unconstitutional.
Our determination that a constitutional right to jury trial exists under I.C. § 37-2744A must be considered in the context of the Frees' motion to dismiss, the denial of which is on appeal here. Our holding does not require that the forfeiture proceeding against the Frees be dismissed. That subsection of I.C. § 37-2744A denying a jury trial is not an indispensable part of the statute and may be stricken therefrom. Voyles v. City of Nampa, 97 Idaho 597, 600, 548 P.2d 1217, 1220 (1976). The remainder of the statute is fully operative in the absence of that portion and we express no opinion as to the constitutionality of sections not before us in this appeal. Regan v. Time, 468 U.S. 641, 653, 104 S.Ct. 3262, 3269, 82 L.Ed.2d 487 (1984).

CONCLUSION
The decision of the district court granting the Department's summary judgment motion is reversed; the forfeiture order is vacated and the case is remanded to the district court for further proceedings consistent with this opinion.
McDEVITT, C.J., and BISTLINE, JOHNSON and SILAK, JJ. concur.
NOTES
[1] I.C. § 37-2744A(a) provides:

[a]ny real property, including any interest therein and any appurtenances thereto or improvements thereon, which is used in any manner or part, to commit or to facilitate the commission of a violation of the provisions of this chapter punishable by more than one (1) year of imprisonment, shall be subject to forfeiture under the provisions of this section.
[2] The State does not argue, and in fact conceded at oral argument, that the Excessive Fines Clause of the Eighth Amendment applies to it by virtue of the Fourteenth Amendment. Thus, we do not consider that issue herein.
[3] The federal real property forfeiture statute contained at 21 U.S.C. § 881(a)(7) subjects to forfeiture

[a]ll real property ... which is used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of this subchapter punishable by more than one year's imprisonment.
[4] This Court has followed federal interpretative law regarding personal property forfeitures in applying Idaho's Uniform Controlled Substances Act. See State ex. rel. Rooney v. One 1974 Green Targa Porsche Auto., VIN Number XXXXXXXXX, 112 Idaho 432, 732 P.2d 670 (1986).
[5] I.C. § 37-2744A applies to property used in the commission of a drug felony. Our holding does not address forfeitures of proceeds of illegal drug transactions. If an item is a proceed of an illegal drug transaction, its forfeiture is exclusively remedial and it cannot be considered punishment to take away something the claimant never legitimately owned. See, e.g., United States v. All Assets & Equipment of West Side Building Corp., 843 F.Supp. 377 (N.D.Ill.1993); State v. Meister, 866 S.W.2d 485, 490 (Mo.Ct.App.1993).
[6] In Alexander v. United States, ___ U.S. ___, ___, 113 S.Ct. 2766, 2776, 125 L.Ed.2d 441 (1993), a criminal forfeiture case decided the same day as Austin, the Supreme Court held that the appellate court should have considered whether a forfeiture order, covering defendant's wholesale and retail adult entertainment business and $9 million in monies acquired through racketeering activity related to the distribution of obscene material, which forfeiture followed defendant's conviction of a RICO violation, was an excessive fine within the Eighth Amendment when accompanied by a six-year prison term and $100,000 fine. As in Austin, the Court refused to decide the excessiveness issue and remanded the case for consideration of this issue. However, the Court did observe that the excessiveness issue must be considered "in light of the extensive criminal activities which petitioner apparently conducted through this racketeering enterprise over a substantial period of time ..."
[7] The Idaho Constitution, art. I, § 7 provides that "[t]he right of trial by jury shall remain inviolate. . . ."