924 P.2d 633

**STATE of Idaho, Plaintiff–Respondent,**

v.

**Donald McGOUGH, Defendant–Appellant.**

No. 22139.

Court of Appeals of Idaho.

Aug. 28, 1996.

Petition for Review Denied Oct. 28, 1996.

Crandall, Gilman, Wight & Pica, Boise, for defendant–appellant. Thomas D. Widman argued.

Alan G. Lance, Attorney General; Thomas P. Watkins (argued), Deputy Attorney General, Boise, for plaintiff–respondent.

PERRY, Judge.

Donald McGough was charged with trafficking in a controlled substance. I.C. § 37–2732B(a)(3). Proceedings were initiated by the Department of Law Enforcement seeking forfeiture of money involved in the transaction, money in McGough's possession at the time of his arrest and the vehicle in which he arrived at the site of the sale. After consenting to judgment in the forfeiture action, McGough filed a motion to dismiss the criminal charge against him on the basis that such action, in addition to the forfeiture of his property, would result in double jeopardy and violate his rights under the United States and Idaho Constitutions. McGough entered a conditional plea of guilty to the reduced charge of possession of a controlled substance with the intent to deliver, I.C. § 37–2732(a), reserving his right to appeal the district court's decision on his motion to dismiss. The district court denied McGough's motion, and we affirm.

## I.

### FACTS AND PROCEDURE

On July 14, 1994, McGough was arrested after he purchased approximately one pound of methamphetamine from an undercover police officer. At the time of the arrest, law enforcement officials seized, in addition to the methamphetamine and the $9,000 McGough paid the undercover officer, a 1972 Ford pickup in which McGough arrived at the site of the sale and $1,010 in his possession at the time of the arrest. McGough was initially charged with trafficking in a controlled substance. In a separate proceeding, the Department of Law Enforcement filed a complaint seeking forfeiture of $10,010 and the pickup pursuant to Idaho Code Section 37–2744. The forfeiture complaint alleged that the currency was found in close proximity to a controlled substance or had been used or intended for use in connection with the illegal manufacture, distribution, or possession of a controlled substance, in violation of I.C. § 37–2744(a)(6). The pickup was alleged to have been used or intended for use to transport or to facilitate the delivery, receipt or possession of a controlled substance, in violation of I.C. § 37–2744(a)(4).

McGough filed an answer to the forfeiture complaint. Thereafter, McGough entered a "claimant's confession of judgment and forfeiture," in which he agreed to forfeit the currency and the pickup. On December 22, 1994, the district court entered a judgment in favor of the department in the forfeiture action. McGough then filed a motion to dismiss the criminal charge on the basis that his right against double jeopardy would be violated by the prosecution of that action. Pursuant to a plea negotiation, the information was amended to possession of a controlled substance with the intent to deliver, to which McGough entered a conditional plea of guilty pursuant to I.C.R. 11(d)(1),(C) and (D). McGough reserved the right to withdraw his guilty plea if the district court ruled favorably on his motion to dismiss and further reserved the right to appeal a denial of that motion. The district court denied McGough's motion to dismiss, sentenced him to an indeterminate term of twelve years,

with a five-year minimum period of incarceration, and imposed a fine of $25,000. McGough appeals.

## II.

## ANALYSIS

■ McGough argues that the district court erred in denying his motion to dismiss. He claims the forfeiture of his Ford pickup pursuant to I.C. § 37–2744 was punishment for the purposes of constitutional analysis.[1] McGough argues that, because he has already been punished once in the forfeiture action, punishment in the criminal case would result in double jeopardy and is therefore prohibited by both the United States and Idaho Constitutions.

■ The Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, provides that "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb." That clause precludes successive punishments and successive prosecutions. *United States v. Dixon,* 509 U.S. 688, 113 S.Ct. 2849, 125 L.Ed.2d 556 (1993). Article 1, Section 13 of the Idaho Constitution provides that "no person shall be twice put in jeopardy for the same offense."

In the proceedings before the district court, and in his appellant's brief in this proceeding, McGough argued that forfeitures under I.C. § 37–2744 amounted to punishment under both the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and under Article I, Section 13 of the Idaho Constitution. He relied largely upon the decision of the Ninth Circuit Court of Appeals in *United States v. $405,089.23 U.S. Currency,* 33 F.3d 1210 (9th Cir.1994), *rev'd sub nom United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996). Prior to oral argument in this case, the United States Supreme

Court issued its decision in *United States v. Ursery,* — U.S. —, 116 S.Ct. 2135, 135 L.Ed.2d 549 (1996), which reversed the Ninth Circuit and undercut McGough's argument with respect to the United States Constitution. At oral argument, therefore, McGough's counsel was constrained to attempt to distinguish *Ursery* with respect to application of the Fifth Amendment, but could continue to rely upon pre-*Ursery* authority and analysis with respect to application of the state constitution. He has made an argument for application of the Idaho Constitution that differs from the United States Supreme Court's interpretation of the Fifth Amendment Due Process Clause in *Ursery.*

Having considered the issue, however, we find no reason to analyze the Idaho forfeiture statutes at issue here differently than the United States Supreme Court analyzed the statutes in *Ursery.* Therefore, we will address McGough's arguments under the Idaho and United States Constitutions in light of *Ursery.*

■ The United States Supreme Court in *Ursery* confirmed the two-part test for determining whether "civil" forfeiture statutes do, in fact, result in punishment and thereby constitute double jeopardy under the Fifth Amendment when coupled with criminal prosecution. *Id. See also United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984). The first step in analyzing the nature of a forfeiture is to determine if the legislative body intended the proceedings to be civil or criminal. The Idaho Supreme Court found that civil designation of the forfeiture proceedings is not dispositive. *Dep't of Law Enforcement v. Real Property in Minidoka County et al., and Free,* 126 Idaho 422, 424, 885 P.2d 381, 382 (1994). Similarly, the United States Supreme Court provides a second step in determining whether forfeiture pro-

---

1. McGough is not claiming that the forfeiture of the $10,010 created a bar to criminal prosecution. He concedes that forfeiture of the money, which allegedly qualified as proceeds from the sale of drugs, could not equate to punishment for constitutional analysis. *See United States v. One Assortment of 89 Firearms,* 465 U.S. 354, 104 S.Ct. 1099, 79 L.Ed.2d 361 (1984); *Dep't of Law Enforcement v. Real Property in Minidoka County et al., and Free,* 126 Idaho 422, 424, 885 P.2d 381, 382 (1994). Therefore, we will focus our analysis only on the result of the forfeiture of McGough's pickup.

ceedings are punishment for double jeopardy purposes. *Ursery,* —— U.S. ——, 116 S.Ct. 2135, 135 L.Ed.2d 549. In the second step:

> [The court must] consider whether the proceedings are so punitive in fact as to "persuade us that the forfeiture proceeding[s] may not legitimately be viewed as civil in nature," despite [the legislature's] intent.

*Ursery,* —— U.S. at ——, 116 S.Ct. at 2147, *citing 89 Firearms,* 465 U.S. at 366, 104 S.Ct. at 1107.

In reviewing the federal forfeiture statutes at issue in *Ursery,* the Supreme Court determined that by creating distinctly civil procedures for forfeitures, Congress has indicated clear intent that the proceeding be seen as civil. *Id.* —— U.S. at ——, 116 S.Ct. at 2147. Similarly, forfeiture procedures in Idaho are distinct from the criminal prosecution. Idaho Code Section 37–2744(d) provides, in part:

> Forfeiture proceedings shall be civil actions against the property subject to forfeiture and the standard of proof shall be preponderance of the evidence.

The statute indicates that the Idaho legislature's intent was to make the forfeiture proceedings civil in nature. Hence, the first step in the test indicates that the forfeiture proceedings in this case were not criminal in nature and did not result in punishment as used in double jeopardy analysis.

The second prong of the test calls for a determination of whether there is the clearest proof suggesting that forfeiture proceedings are so punitive in form and effect as to render them criminal despite the legislature's intent to the contrary. *Ursery,* —— U.S. at ——, 116 S.Ct. at 2148. In making this determination, the Court has relied upon a nonexhaustive list of factors relevant to determining if a sanction is civil in nature: (1) whether it involves an affirmative disability or restraint; (2) whether it has historically been regarded as a punishment; (3) whether it comes into play only on a finding of scienter; (4) whether its operation will promote the traditional aims of punishment, retribution and deterrence; (5) whether the behavior to which it applies is already a crime; (6) whether an alternative purpose to which it may rationally be connected is available; and

(7) whether it appears excessive in relation to the alternative purpose assigned. *Kennedy v. Mendoza–Martinez,* 372 U.S. 144, 168–69, 83 S.Ct. 554, 567–58, 9 L.Ed.2d 644 (1963); *See also United States v. Ward,* 448 U.S. 242, 252, 100 S.Ct. 2636, 2643, 65 L.Ed.2d 742 (1980).

■ The Court in *Ursery* focused on the long line of cases wherein forfeiture proceedings have been treated as civil and nonpunitive in nature. The Court also settled recent speculation that a forfeiture must be solely remedial in order to qualify as a civil proceeding and not punishment. *See $405,-089.23 U.S. Currency,* 33 F.3d 1210. The Court noted that federal forfeiture statutes, including 21 U.S.C. §§ 881(a)(6) and (a)(7), "while perhaps having certain punitive aspects, serve important nonpunitive goals." *Ursery,* —— U.S. at ——, 116 S.Ct. at 2148. Specifically, the Court discussed the remedial purpose of encouraging property owners to take care in managing their property and ensuring that they will not permit that property to be used for illegal purposes. *Id.* The Court went on to hold that forfeiture proceedings pursuant to those sections are neither criminal nor punishment for the purposes of the Double Jeopardy Clause of the United States Constitution. Hence, a forfeiture statute which serves a nonremedial purpose does not necessarily impose punishment or a criminal proceeding. After discussing these factors and reviewing the others set forth above, the Court determined that the forfeiture proceedings under 21 U.S.C. § 881 were civil in nature.

We note that the forfeiture statute at issue in this case was modeled after 21 U.S.C. § 881. *Free,* 126 Idaho at 424, 885 P.2d at 383. McGough attempts to distinguish this case from *Ursery* by arguing that the forfeited pickup was used solely to transport the buyer and the money to the site of the sale. McGough asserts that the transaction did not occur in the pickup and argues that the nexus between the pickup and the drugs is too attenuated to justify remedial forfeiture and that the forfeiture was therefore punitive. However, the role of the vehicle under I.C. § 37–2744(a)(4) is a factual issue, which is decided by the trial court per I.C. § 37–

2744(d)(2) and (3).[2] McGough's confession of judgment in the forfeiture action obviated the need for the district court to decide whether the vehicle was used in violation of the controlled substances act. McGough did not appeal the order of forfeiture. Hence, we may rely on the forfeiture order and need not decide now whether the vehicle was a forfeitable item. Our analysis is, instead, directed to the punitive nature of the proceedings.

After a review of the forfeiture statutes at work in this case we have determined that the same reasoning set forth in *Ursery* applies and that forfeiture under I.C. § 37–2744 is not criminal in nature and does not amount to punishment for double jeopardy analysis. The Idaho Supreme Court in *Free* found the Idaho statutes were, at least in part, punitive for the purposes of excessive fine analysis. *Free,* 126 Idaho at 424, 885 P.2d at 383. However, that determination was made in conformance with *Austin v. United States,* 509 U.S. 602, 113 S.Ct. 2801, 125 L.Ed.2d 488 (1993). The *Ursery* court found *Austin* distinguishable from cases involving double jeopardy analysis. The *Free* decision is, similarly, distinguishable from this case. Thus, the district court properly denied McGough's motion to dismiss in this regard.

### III.

### CONCLUSION

In light of recent precedent from the United States Supreme Court, I.C. § 37–2744 does not create forfeiture proceedings which are criminal in nature or which result in punishment for double jeopardy analysis. Therefore, McGough's judgment of conviction is affirmed.

WALTERS, C.J., and LANSING, J., concur.

---

2. Subsection (d)(2) states, in part:
    The court shall order the property forfeited ... if he determines that such property was used ... in violation of this chapter....
    Subsection (d)(3)(D)(III) states, in part:

If the court finds that the property was not used ... in violation of this act ... the court shall order the property released to the owner....