136 P.3d 364

**NEZ PERCE COUNTY PROSECUTING ATTORNEY, Plaintiff–Respondent,**

v.

**John REESE, Jr., Party Aggrieved–Appellant,**

and

**One (1) 1988 Comfort Travel Trailer VIN 1K53KFM27J1009373; One (1) 1988 Winnebago Motor Home VIN 17N430122HW2004012, Defendants.**

No. 31293.

Court of Appeals of Idaho.

May 11, 2006.

John Reese, Jr., Boise, pro se appellant.

Daniel L. Spickler, Nez Perce County Prosecuting Attorney, for respondent.

PERRY, Chief Judge.

John Reese, Jr. appeals from the district court's order granting civil forfeiture of his

motor home and travel trailer. We vacate and remand.

## I.

## FACTS AND PROCEDURE

In the summer of 2003, Reese resided in a motor home that was in need of mechanical repairs, which Reese could not afford. Previously, Reese worked in construction but had been physically unable to work in that field for several years. A friend of Reese's loaned him money to purchase a pickup and a travel trailer. The friend, who knew of Reese's construction experience and that he had false identification documentation, approached Reese with a plan to grow marijuana. Reese leased a barn under an assumed name and built a hidden room inside where the friend planned to grow the marijuana. In exchange, the friend agreed to provide Reese with money to repair the motor home. Reese and his friend placed the motor home and the trailer in the barn, with Reese living in the motor home and the friend in the trailer. The friend provided money to buy equipment including grow lights, remote temperature monitors, air filters, exhaust fans, and pumps, some of which were purchased utilizing Reese's assumed name.

In November 2003, fire officials responded to a fire that had started in a haystack next to the barn. In the course of extinguishing the blaze and investigating its extent and cause, fire officials discovered that the haystack concealed a gas generator. The officials also noticed that a pipe ran between the generator and a drum of gasoline inside the adjacent barn, which also contained hay. After the outside haystack fire was extinguished, fire officials searched inside the barn to ensure the fire had not spread. During this search, the fire officials discovered the hidden room and notified police. Responding police observed a dual-state water filter system with hoses leading to the hidden room and to the motor home and a heavy-duty extension cord running from the generator to the hidden room.

Police obtained a search warrant and discovered a marijuana-growing operation with over one hundred plants in the hidden room. A search of the motor home revealed a checkbook, a check register, and a rental agreement for the barn in Reese's assumed name; a receipt for grow lights; a baggie of a substance believed to be marijuana; a pipe with residue; scales; a receiver for a remote temperature monitor; a receipt for building supplies consistent with the construction of the hidden room; a book containing research on death records and aliases; six license plates from various states; and items of identification for Reese and another person. Inside the travel trailer, police discovered a substance believed to be marijuana, a pipe, receipts for items similar to those found in the hidden room, manuals regarding identification documents and passports, and documents with various names. Police found $870 on Reese and $1238 on the friend. Reese and his friend were arrested and charged with trafficking in marijuana. I.C. § 37-2732B(a)(1)(C). The cases were tried together in front of a jury and both Reese and his friend were found guilty. In an unpublished opinion, this Court affirmed Reese's judgment of conviction and sentence. *See State v. Reese*, Docket No. 31070 (Ct. App. Jan. 23, 2006).

In December 2003, Nez Perce County filed complaints *in rem* for forfeiture of the pickup, trailer, motor home, the cash, and miscellaneous equipment found in the barn and vehicles. *See* I.C. § 37-2744. Reese answered and claimed an interest in the pickup, trailer, motor home, and $870.[1] Reese alleged that the pickup, trailer, and motor home were not used to deliver or store controlled substances and that the trailer and motor home were intended only as living quarters. Reese asserted that the $870 was acquired legally through the sale of a vehicle and that he intended to use the money to purchase groceries.

Following a court trial, Reese moved that the case be dismissed as to the motor home, the pickup, and the $870 because forfeiture of

---

1. Reese's friend did not respond to the complaints and default judgment was entered forfeiting his interest in the listed property.

that property constituted an unconstitutionally excessive fine and placed him in double jeopardy. The district court held that the forfeiture did not place Reese in double jeopardy. The district court also found that the county had demonstrated a substantial connection between the marijuana-growing operation and the motor home and trailer and that Reese had failed to show that forfeiture of those vehicles was unconstitutionally excessive. However, the district court found that the county failed to demonstrate a nexus between the marijuana and the $870 or the pickup. The district court therefore ordered that the county be granted forfeiture to all items listed in the complaints with the exception of the pickup and the $870. Reese appeals, challenging only the forfeiture of the trailer and the motor home.

## II.

## ANALYSIS

### A. Property Subject to Forfeiture

█ Initially, we address Reese's contention that, because the motor home and trailer were not used to store or transport marijuana, they were not subject to forfeiture. Conveyances, including vehicles, are subject to forfeiture where they were used, or intended for use, to facilitate the possession or concealment of controlled substances or raw materials, products, and equipment of any kind which were used or intended for use in manufacturing, compounding, or processing controlled substances. *See* I.C. § 37–2744(a)(4). Thus, to be subject to forfeiture, the trailer and motor home did not have to be directly used to transport or conceal marijuana but, rather, needed only to facilitate the growing operation or its concealment. *See id.*

█ The district court found that, by living within the barn, Reese and his friend were able to constantly monitor and maintain conditions in the hidden room without having to make frequent trips to and from the barn, which could have aroused suspicion. The district court therefore concluded that using the trailer and motor home as living quarters within the barn facilitated the concealment of the marijuana-growing operation. These

findings are supported by substantial evidence and we will not disturb them on appeal. *See State v. Harwood*, 133 Idaho 50, 52, 981 P.2d 1160, 1162 (Ct.App.1999). Accordingly, the district court did not err by determining that the trailer and motor home were subject to forfeiture.

█ Reese also argues that civil forfeiture, which followed his conviction for trafficking in marijuana, placed him in double jeopardy for the same offense. Reese further contends that forfeiture of the trailer and the motor home are disproportionate given the nature of his offense and the extent of his culpability. The alleged violations of constitutional rights present mixed questions of fact and law. *See Harwood*, 133 Idaho at 52, 981 P.2d at 1162. On appeal, we defer to the trial court's findings of fact if they are supported by substantial evidence, but we freely review the trial court's determinations as to whether constitutional requirements have been satisfied in light of the facts found. *Id.*

### B. Double Jeopardy

█ Although Reese asserts that forfeiture placed him in double jeopardy, he fails to support his assertion with argument. A party waives an issue on appeal if either argument or authority is lacking. *Powell v. Sellers*, 130 Idaho 122, 128, 937 P.2d 434, 440 (Ct.App.1997). Accordingly, Reese has waived whether forfeiture placed him in double jeopardy and we do not address the issue further.

### C. Excessive Fines Clause

Reese asserts that his participation in the marijuana-growing operation was limited to constructing the hidden room and using his aliases to rent the barn and purchase equipment. Reese alleges that his earning capacity is limited because he is sixty-six years old and has no retirement benefits to look forward to. Reese contends that if the motor home and trailer are forfeited, neither he nor his wife will have a place to live. Reese also asserts that the state has confiscated personal property including his clothes, sentenced him to prison, and assessed a large fine. Reese therefore urges that forfeiture of the

trailer and motor home is grossly disproportionate to the gravity of his offense.

■■■ The Excessive Fines Clause [2] limits the government's power to extract payments, whether in cash or in kind, as punishment for an offense. *United States v. Bajakajian*, 524 U.S. 321, 328, 118 S.Ct. 2028, 2033, 141 L.Ed.2d 314, 325 (1998); *Austin v. United States*, 509 U.S. 602, 609–10, 113 S.Ct. 2801, 2805, 125 L.Ed.2d 488, 497 (1993). Forfeitures are payments in kind and, thus, are fines if they constitute punishment for an offense. *Bajakajian*, 524 U.S. at 328, 118 S.Ct. at 2033, 141 L.Ed.2d at 325. A civil sanction that cannot fairly be said to solely serve a remedial purpose, but rather can only be explained as also serving either retributive or deterrent purposes, is punishment. *Austin*, 509 U.S. at 610, 113 S.Ct. at 2805–06, 125 L.Ed.2d at 498.

■■■ Forfeiture of anything other than an instrumentality of an offense is *ipso facto* punitive and therefore subject to Eighth Amendment review. *Bajakajian*, 524 U.S. at 333 n. 8, 118 S.Ct. at 2036, 141 L.Ed.2d at 328–29; *United States v. Ahmad*, 213 F.3d 805, 814 (4th Cir.2000); *United States v. 3814 NW Thurman Street*, 164 F.3d 1191, 1197 (9th Cir.1999). An instrumentality is the actual means by which an offense was committed. *Thurman Street*, 164 F.3d at 1197. Additionally, when determining whether a forfeiture is subject to the restrictions of the Excessive Fines Clause, courts consider whether the forfeiture is punitive in part, not limited by the extent of the government's loss, and tied to the commission of a crime. *See United States v. $100,348.00 in U.S. Currency*, 354 F.3d 1110, 1119 (9th Cir.2004); *$273,969.04*, 164 F.3d at 466. The inclusion of an innocent-owner defense in a forfeiture statute reveals legislative intent to punish those involved in drug trafficking. *Austin*, 509 U.S. at 619, 113 S.Ct. at 2811, 125 L.Ed.2d at 504.

### 1. Applicability to I.C. § 37–2744

Idaho appellate courts have not yet addressed the applicability of the Excessive Fines Clause to I.C. § 37–2744. However, in *Austin*, the United States Supreme Court concluded that the federal statutes applying to *in rem* forfeiture of conveyances and real property for controlled substance violations were subject to an excessive fines analysis. *See Austin*, 509 U.S. at 622, 113 S.Ct. at 2812, 125 L.Ed.2d at 505–06. Relying on *Austin*, the Idaho Supreme Court has held that the Excessive Fines Clause applies to *in rem* forfeitures made pursuant to I.C. § 37–2744A, which addresses forfeiture of real property used to commit or facilitate violations of the Uniform Controlled Substances Act. *See Idaho Dept. of Law Enforcement v. Free*, 126 Idaho 422, 424, 885 P.2d 381, 383 (1994). In concluding that I.C. § 37–2744A was subject to an excessive fine analysis, the Idaho Supreme Court considered that the federal forfeiture provisions addressed in *Austin* were virtually identical to the Idaho statute and that I.C. § 37–2744A was, at least in part, punitive. *Free*, 126 Idaho at 424, 885 P.2d at 383. The Court also noted that it had previously followed federal interpretive law regarding personal property forfeitures. *Id.* at 424 n. 4, 885 P.2d at 383 n. 4.

■■■ Similar to I.C. § 37–2744, federal law authorizes forfeiture of conveyances that are used or intended for use to transport or facilitate the transportation, sale, receipt, possession, or concealment of either controlled substances or raw materials, products, or equipment used or intended for use in manufacturing, compounding, processing, delivering, importing, or exporting controlled substances. *See* 21 U.S.C. § 881(a)(4). This forfeiture provision is subject to the limitations of the Excessive Fines Clause. *See Austin*, 509 U.S. at 622, 113 S.Ct. at 2812, 125 L.Ed.2d at 505–06. Like Section 881(a), Sections 37–2744(a)(4)(B) and 37–2744(a)(6)(B) provide an innocent-owner defense, which reveals legislative intent to punish. Additionally, forfeiture under I.C. § 37–2744 is related to violations of the Uniform Controlled Substances Act and such forfeiture is not limited by the state's loss. Accordingly, the district court correctly con-

---

**2.** "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. CONST. amend. VIII.

cluded that the Excessive Fines Clause limits forfeitures made pursuant to I.C. § 37–2744.

### 2. Standard to determine whether forfeiture is excessive

 The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality— the amount of the forfeiture must bear some relationship to the gravity of the offense it is designed to punish. *Bajakajian*, 524 U.S. at 334, 118 S.Ct. at 2036, 141 L.Ed.2d at 329; *United States v. Dodge Caravan Grand SE/ Sport Van, VIN # 1B4GP44G2YB7884560*, 387 F.3d 758, 762 (8th Cir.2004). "Excessive" means surpassing the usual, the proper, or a normal measure of proportion. *Bajakajian*, 524 U.S. at 335, 118 S.Ct. at 2037, 141 L.Ed.2d at 330. In *Bajakajian*, the United States Supreme Court adopted the gross proportionality standard articulated in its Cruel and Unusual Punishment Clause opinions for determining whether *in personam* criminal forfeitures are unconstitutionally excessive. *See Bajakajian*, 524 U.S. at 336–37, 118 S.Ct. at 2037–38, 141 L.Ed.2d at 339–31. That standard similarly applies to civil *in rem* forfeitures. *United States v. 45 Claremont St.*, 395 F.3d 1, 6 (1st Cir.2004); *United States v. Wagoner County Real Estate, Rural Route 5, Box, 340*, 278 F.3d 1091, 1100 n. 7 (10th Cir.2002); *Ahmad*, 213 F.3d at 815–16 n. 4. Therefore, if the amount of the forfeiture is grossly disproportionate to the gravity of the defendant's offense, it is unconstitutional. *Bajakajian*, 524 U.S. at 337, 118 S.Ct. at 2038, 141 L.Ed.2d at 331.

 *Bajakajian* does not mandate the consideration of any rigid set of factors in deciding whether a punitive fine is grossly disproportionate. *United States v. Mackby*, 339 F.3d 1013, 1016 (9th Cir.2003). Rather, a proportionality inquiry is factually intensive and a catalog of factors is not exclusive. *Wagoner County*, 278 F.3d at 1101; *see also Dodge Caravan*, 387 F.3d at 763. The burden of demonstrating a violation of the Eighth Amendment is on the person asserting the constitutional violation. *See Ahmad*, 213 F.3d at 816; *State v. Jensen*, 138 Idaho 941, 946, 71 P.3d 1088, 1093 (Ct.App.2003). Remand is required where the trial court relies on one factor without evaluating the import of other relevant factors for determining whether forfeiture is excessive. *See Dodge Caravan*, 387 F.3d at 763–64.

 In considering the gravity of the offense, factors for courts' consideration include the nature and extent of the crime, whether the violation was related to other criminal activities, the other penalties that may be imposed for the violation, and the extent of harm caused. *See $100,348.00*, 354 F.3d at 1122; *Ahmad*, 213 F.3d at 816; *In re: 319 E. Fairgrounds Dr.*, 205 Ariz. 403, 71 P.3d 930, 936 (App.2003). Judgments about appropriate punishment for an offense belong in the first instance to the legislature. *Bajakajian*, 524 U.S. at 336, 118 S.Ct. at 2037, 141 L.Ed.2d at 330. Thus, among the most important factors when determining the gravity of the offense are other penalties authorized by the legislature. *See Wagoner County*, 278 F.3d at 1100. Additionally, the culpability of the offender should be examined specifically instead of examining the gravity of the crime in the abstract. *Thurman Street*, 164 F.3d at 1197. Courts may take into account the extent of both the defendant's and the property's roles in the offense, the nature and scope of the illegal operation at issue, the personal benefit reaped by the defendant, and the value of the contraband involved in the offense. *See Wagoner County*, 278 F.3d at 1101.

 To determine the proportionality of the forfeiture, relevant factors include, but are not limited to, the fair market value of the property, the intangible or subjective value of the property, and the hardship to the defendant. *See United States v. 25445 Via Dona Christa*, 138 F.3d 403, 409 (9th Cir.1998); *State v. 633 East 640 North*, 994 P.2d 1254, 1258 (Utah 2000). Courts have considered the property's character as a residence and the effect of forfeiture on innocent occupants or children when evaluating the subjective value of the property or the harshness of the forfeiture. *See 45 Claremont St.*, 395 F.3d at 6; *Dodge Caravan*, 387 F.3d at 763; *633 East 640 North*, 994 P.2d at 1258–59. Courts may also take into account any other sanctions imposed upon the defendant by the sovereign seeking forfeiture. *See*

*Wagoner County,* 278 F.3d at 1101. Additionally, the effect of forfeiture on the defendant's family or financial circumstances is relevant. *See 25445 Via Dona Christa,* 138 F.3d at 409; *County of Nassau v. Canavan,* 1 N.Y.3d 134, 770 N.Y.S.2d 277, 802 N.E.2d 616, 622 (2003); *633 East 640 North,* 994 P.2d at 1260.

 In this case, the district court determined that, given the sophisticated nature of the marijuana-growing operation, Reese's culpability and the substantial connection between the motor home and trailer and the operation, Reese failed to demonstrate that forfeiture was sufficiently disproportionate to violate the Excessive Fines Clause. However, in reaching this conclusion, the district court did not consider the motor home's and the trailer's monetary or subjective values or the hardship imposed by the forfeiture. Thus, in ascertaining the proportionality of the forfeiture, the district court failed to weigh the gravity of Reese's offense against the amount of the forfeiture.

The determination of proportionality involves weighing the evidence and drawing factual inferences. Accordingly, we must remand this matter to the district court so that it can consider the applicable factors in the first instance. On remand, the district court should take into account the monetary value of the trailer and motor home and any relevant subjective factors, including the effect of the forfeiture on innocent third parties, the character of the property as a residence, and Reese's economic circumstances. The district court must then compare the amount of the forfeiture to the other penalties authorized by the legislature, the harm caused by the marijuana-growing operation, Reese's motive for participating in the operation, and other relevant factors for determining the gravity of Reese's offense. If consideration of these factors demonstrates that forfeiture of the trailer or motor home is grossly disproportionate to Reese's offense, then such forfeiture is unconstitutionally excessive.

### III.

### CONCLUSION

Reese waived the issue of whether forfeiture of the trailer and motor home placed Reese in double jeopardy on this appeal. However, the district court erred by failing to consider the amount of the forfeiture in its determination that forfeiture was not grossly disproportionate to the gravity of Reese's offense. Accordingly, we vacate the district court's order granting forfeiture as to the trailer and the motor home and remand this case for further proceedings consistent with this opinion. As the prevailing party, Reese is entitled to costs on appeal, if any were actually incurred, pursuant to Idaho Appellate Rule 40.

Judge LANSING and Judge GUTIERREZ, concur.