# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 33827

STATE OF IDAHO,

      Plaintiff-Respondent,

v.

JOHN CORNELL ANDERSON, III,

      Defendant-Appellant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Boise, September 2007 Term

2007 Opinion No. 108

Filed: October 22, 2007

Stephen W. Kenyon, Clerk

---

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Honorable John T. Mitchell, District Judge

The decision of the district court is reversed and remanded.

Rude, Jackson & Daugharty, L.L.P., Coeur d'Alene, for appellant. Dan J. Rude argued.

Honorable Lawrence G. Wasden, Attorney General, Boise, for respondent. Ken Jorgensen argued.

---

JONES, W., Justice.

This is an appeal following John Anderson's criminal conviction for misdemeanor domestic battery and felony harassment of a witness.

Anderson was arrested for shoving his wife several times in the front yard of his girlfriend's residence. Several days after the incident, Anderson left a voicemail for one of the arresting officers. Officer Neal testified that, in the voicemail, Anderson identified himself, commented on the pending domestic battery charge, and stated that he was going to "get me on the stand and let people know I'm gay." The officer saved a recording of the voicemail and reported Anderson's actions to the prosecutor's office.

The two pending charges of domestic battery and harassing a witness were consolidated for trial. Anderson waived his right to counsel and chose to represent himself before the trial and through a jury trial. He was found guilty of both charges and acquired counsel for the sentencing proceeding. Anderson appealed to the Court of Appeals alleging error on the grounds that he failed to knowingly and intelligently waive his right to counsel and that the jury instructions were defective. The Court of Appeals held that he knowingly and intelligently waived his right to counsel and that the issue of jury instructions would not be addressed because he failed to object at the time of trial. Anderson seeks review by this Court.

When considering a case on review from the Court of Appeals, this Court acts as though it is hearing the matter on direct appeal from the trial court; however, this Court gives serious consideration to the decision of the Court of Appeals. *State v. Young*, 138 Idaho 370, 372, 64 P.3d 296, 298 (2002). Where an alleged violation of constitutional rights is asserted, an appellate court will defer to a trial court's findings of fact when supported by substantial evidence and freely review the lower court's application of facts found to the constitutional requirements. *State v. Peightal*, 122 Idaho 5, 7, 830 P.2d 516, 518 (1992); *Nez Perce County Prosecuting Attorney v. Reese*, 142 Idaho 893, 897, 136 P.3d 364, 368 (Ct. App. 2006). The propriety of jury instructions is a question of law over which this Court exercises free review. *State v. Sheahan*, 139 Idaho 267, 281, 77 P.3d 956, 970 (2003). When reviewing jury instructions, this Court must determine whether the instructions, when taken as a whole, fairly and adequately present the issues and state the law. *Id.*

Appellant-Anderson argues that he validly waived his right to counsel only at the preliminary hearing, rendering waiver deficient under I.C. § 19-857. Idaho Code § 19-857 states that waiver is valid only if the court finds "of record" that the defendant acted with full awareness of his rights and the consequences of waiver. Appellant also argues that Judge Mitchell failed to advise him of the nature of the charges and possible resulting penalties.

In establishing the right to self-representation, the United States Supreme Court stated that defendants need not "have the skill and experience of a lawyer in order competently and intelligently to choose self-representation." *Faretta v. California*, 422 U.S. 806, 835, 95 S.Ct. 2525, 2541 (1975). To waive counsel, defendant must "knowingly and intelligently forgo" the benefits of counsel and "should be made aware of the dangers and disadvantages of self-representation, so that the record will establish that he knows what he is doing and his choice is

2

made with eyes open." *Id.* (internal quotations omitted). Idaho also requires that waiver be effected voluntarily. *State v. Dalrymple*, WL 1880610 (2007), *State v. Lovelace*, 140 Idaho 53, 64, 90 P.3d 278, 289 (2003). Additionally, Idaho mandates that the defendant "be aware of the nature of the charges filed against him and the possible penalties flowing from those charges, as well as the dangers and disadvantages of self-representation." *State v. Lovelace*, 140 Idaho 53, 64, 90 P3d 278, 289 (2003). The district court must be satisfied that the defendant "understood the inherent risks involved in waiving the right to counsel." *Dalrymple* WL 1880610.

In assessing the sufficiency of a defendant's waiver of counsel, the defendant's technical legal knowledge is not relevant to whether he knowingly exercised his right to defend himself *pro se*. *Faretta*, 422 U.S. 806, 836, 95 S.Ct. 2525, 2541. Instead, the court is to consider the "totality of the circumstances" in determining the validity of a defendant's waiver of counsel. *State v. Lovelace*, 140 Idaho 53, 64, 90 P3d 278, 289. Specifically, I.C. § 19-857 states that the court "shall consider such factors as the person's age, education, and familiarity with the English language and the complexity of the crime involved."

Idaho Code § 19-857 also states that waiver is possible "if the court concerned, at the time of or after waiver, finds of record that he has acted with full awareness of his rights and of the consequences of a waiver and if the waiver is otherwise according to law." The particular moment of the waiver is not the only consideration; rather, the record as a whole is considered. *Dalrymple* WL 1880610. Finally, once waiver is made before the court, it "carries forward through all further proceedings in that case unless . . . there are circumstances which suggest that the waiver was limited to a particular stage of the proceedings." *State v. Lovelace*, 140 Idaho 53, 65, 90 P3d 278, 290.

At Anderson's arraignment proceedings on April 8, 2005, Anderson and Judge Mitchell satisfied the constitutional, case law, and statutory requirements for effective waiver of counsel. Judge Mitchell verified that Anderson's familiarity with English, his age, education, and the complexity of the crime permitted Anderson to waive his right to counsel. In addition, Judge Mitchell provided Anderson ample warnings about the dangers of proceeding *pro se*.

Judge Mitchell verified the following:

      1) Anderson was a high school graduate

      2) He has no problem reading, writing, or understanding English

      3) He was not under the influence of alcohol or other drugs

4) The maximum penalty for the felony witness harassment was 5 years of confinement in the state penitentiary, with a $50,000 fine

5) The maximum penalty for the misdemeanor domestic battery charge was 6 months of confinement in the county jail, along with a $1000 fine

Further, Judge Mitchell informed Anderson that "in deciding whether or not it's a good idea to plead guilty to any criminal offense it's always a good idea to have the advice of counsel or an attorney." He then explained that attorneys are familiar with the relevant statutes, the rules of procedure, and the rules of evidence. Judge Mitchell informed Anderson that he would be held to the same standard to which a defense attorney would be held regarding knowledge of the rules of procedure, the rules of evidence, all the rules of law, and the relevant statutes. Anderson confirmed that he understood the standard to which he was to be held.

The foregoing cautionary explanation by Judge Mitchell and confirmation of understanding by Anderson yield the conclusion that Anderson effected a valid waiver of counsel. In addition, *Lovelace* commands that this waiver "carry forward" to all other proceedings, because nothing indicated that the waiver was limited to the April 8 proceedings. Furthermore, at the June 2, 2005 pretrial conference, Judge Mitchell reiterated his concern regarding Anderson's choice to represent himself. Judge Mitchell also stated that he was "happy to have [Anderson] take some time and apply for the public defender if [he thought that he] might qualify for that service." Four days later, Judge Mitchell again reminded Anderson of his right to an attorney, and again offered to postpone the trial and appoint an attorney if Anderson so requested. However, Anderson declined each of Judge Mitchell's offers.

Contrary to Appellant's argument, it is inconsequential whether Judge Mitchell failed to find explicitly that Anderson validly waived counsel. Judge Mitchell implicitly found that counsel was validly waived, as he deliberately extracted from Anderson the necessary information to conclude that the waiver was valid, and then allowed Anderson to proceed *pro se*. We can infer the judge's finding from his conduct, since it is exceedingly unlikely that the judge would ask the questions relevant to determining whether waiver was valid and then allow the proceedings to continue, unless the judge had in fact found that defendant's waiver was effective. In this case, to require an explicit finding of waiver would be to place form above substance. Regardless, even if Judge Mitchell erred by failing to state explicitly that he found that Anderson

4

had waived his right to counsel, the record clearly establishes that Anderson had effectively waived his right to counsel. Any error therefore was harmless.

Appellant next asserts that the trial court's jury instructions No. 13 and No. 14d were in error. Specifically, Appellant claims that (1) instruction No. 14d improperly defined "willfully," and (2) instruction No. 13 omitted an essential element within I.C. § 18-2604(3), failing to require the State to prove that Anderson intended to prevent a witness from testifying "freely, fully and truthfully." The State argues that the district court did not commit error, and that if it did, Idaho Criminal Rule 30(b) precludes review because Anderson failed to object to it.

In response, Appellant contends that the error was fundamental, therefore permitting review, notwithstanding his failure to object at trial. The State answers that Idaho Criminal Rule 30(b) should apply to all jury instruction errors to which no objection was made, even fundamental errors.

Idaho Code § 18-2604(3), the statute under which Anderson was charged, states that:

Any person who, by direct or indirect force, or by any threats to person or property, or by any manner wilfully intimidates, influences, impedes, deters, threatens, harasses, obstructs or prevents, a witness, including a child witness, or any person who may be called as a witness or any person he believes may be called as a witness in any criminal proceeding or juvenile evidentiary hearing from testifying freely, fully and truthfully in that criminal proceeding or juvenile evidentiary hearing is guilty of a felony.

Jury Instruction No. 13 instructed the jury as follows:

YOU ARE INSTRUCTED that the essential elements in Count II of the crime of **HARRASSING** (sic) **A WITNESS** which defendant is charged are:

1. On or about the 14th day of January, 2005;
2. in the state of Idaho;
3. the defendant, **JOHN CORNELL ANDERSON**, did willfully threaten or harass;
4. a witness in a criminal proceeding;
5. or a witness the defendant believes may be called in a criminal proceeding

The State has the burden of proving each of these elements by proof beyond a reasonable doubt. If any of the above has not been proven beyond a reasonable doubt, then you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, you must find the defendant guilty.

Jury Instruction No. 14d instructed the jury that "an act is 'willful' or done 'willfully' when done on purpose. One can act willfully without intending to violate the law, to injure another, or to acquire any advantage."

5

An error generally is not reviewable if raised for the first time on appeal. *State v. Sheahan*, 139 Idaho 267, 277, 77 P3d 956, 966 (2003). Moreover, Idaho Criminal Rule 30(b) provides that "[n]o party may assign as error the giving of or failure to give an instruction unless the party objects thereto before the jury retires to consider its verdict, stating distinctly the instruction to which the party objects and the grounds of the objection."

However, this Court traditionally has reviewed "fundamental" errors on appeal, even when no objection was raised at trial. *State v. Haggard*, 94 Idaho 249, 486 P2d 260 (1971). An error is fundamental when it "so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his fundamental right to due process." *State v. Lavy*, 121 Idaho 842, 844, 828 P2d 871, 873 (1992).

Before reaching the issue of whether fundamental error is reviewable, or whether fundamental error occurred at all, it first must be determined whether the district court even committed an error. Appellant argues that a defendant may be convicted for harassing a witness only if the State proves that "threats or intimidation are made with the intention of preventing the witness from testifying freely, fully and truthfully in that criminal proceeding."

Appellant is correct. Instruction No. 13 omitted the statutory requirement that the witness have been willfully threatened or harassed "from testifying freely, fully and truthfully" in the criminal proceeding. Since that language was omitted, the district court's definition of "willfully" exacerbated the error in Instruction No. 13. It emphasized that it was not necessary for the jury to find that Anderson intimidated a witness with the intent to acquire an advantage. However, those who intimidate witnesses for the purpose of preventing the witness from testifying freely, fully, or truthfully usually do so because it *is* to their advantage. Since the district court emphasized the lack of importance of defendant's "intent to acquire an advantage," it deemphasized, and therefore exacerbated the problem of the missing element. Because the instructions did not require the jury to find an element required by the statute, i.e., that Anderson possessed the requisite intent to prevent a witness from testifying freely, fully, and truthfully, the omission from the instructions was an error.

Since the district court committed error, it must be determined whether Idaho appellate courts may review fundamental errors in jury instructions even when no objection was made at trial. It may be argued that permitting review of fundamental errors would defeat the purpose of Rule 30(b) because it would allow review of jury instruction errors even when no objection was

6

made.  It should be noted, though, that permitting Idaho's appellate courts to review fundamental errors in jury instructions does not render Idaho Criminal Rule 30(b) a nullity, as Rule 30(b) would still forbid review of any error not so egregious that it produced manifest injustice by violating the defendant's due process rights under the federal or Idaho constitutions. Presumably, since most jury instruction errors do not double as manifestly unjust due process violations, Idaho Criminal Rule 30(b) would apply in most cases in which no timely objection followed a trial court's error. Our holding therefore has not reduced Criminal Rule 30(b) to a nullity.

Because the jury instruction may be subject to limited review for due process violations that resulted in manifest injustice, the issue then turns to whether such a fundamental error occurred.  Again, a fundamental error is a due process violation that produced manifest injustice. *State v. Lavy*, 121 Idaho 842, 844, 828 P2d 871, 873 (1992).  The United States Supreme Court has held that in criminal trials "the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement."  *Middleton v. McNeil*, 541 U.S. 433, 437, 124 S.Ct. 1830, 1832 (2004).  As discussed above, the jury instruction omitted an essential element from the felony witness harassment statute, thereby violating Anderson's right to due process.  Essentially, Anderson was convicted of a nonexistent crime, and the State failed to prove beyond a reasonable doubt the elements of the crime with which Anderson was charged.  Such circumstances qualify as a clear instance of manifest injustice.  Hence, the error was fundamental.

However, even when a fundamental error has occurred, this Court will not reverse a conviction if the fundamental error was harmless. *State v. Field*, 144 Idaho 559, 165 P3d 273 (2007); see also, *Neder v. United States*, 527 U.S. 1, 119 S.Ct. 1827 (holding that a jury instruction that omits an element of an offense is subject to harmless error review).  But, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." *Chapman v. California*, 386 U.S. 18, 87 SCt 824, 828 (1967).  Fundamental error is a federal constitutional error, since, as discussed, its definition entails a due process violation.  See *State v. Lavy*, 121 Idaho 842, 844, 828 P2d 871, 873 (1992). In deciding whether error was harmless, the *Chapman* Court suggested that "[t]he question is whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Chapman* at 827.

In this case, the jury was deprived of the opportunity to decide that Anderson intimidated a witness with the intent to prevent him from testifying freely, fully and truthfully. A "reasonable possibility" does exist that the defective instruction contributed to the conviction. We cannot conclude beyond a reasonable doubt that the jury would have reached the same conclusion had it faced all of the statutory elements. For example, the jury may have concluded that Anderson did not leave the recorded message for the purpose of preventing Officer Neal from testifying freely, fully, and truthfully, but rather for the purpose of venting his anger or simply to irritate or annoy Officer Neal. It is the State that bears the burden of proving beyond a reasonable doubt that Anderson possessed the intent at issue, but the State has not argued on appeal that this intent was present. Instead, the State unpersuasively argued that the issue is not reviewable and that the jury instructions were correct. Since the jury reasonably could have concluded that Anderson made his threat without the intent to prevent the officer from testifying freely, fully, and truthfully, the error was not harmless.

Because the jury instructions constituted non-harmless fundamental error, the district court's decision is vacated and this case is remanded for a new trial.

Chief Justice EISMANN, Justices BURDICK, J .JONES and TROUT, J. Pro Tem **CONCUR.**