**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45215**

| | |
|---|---|
| STATE OF IDAHO, | ) |
| | ) **Filed: December 18, 2018** |
| Plaintiff-Respondent, | ) |
| | ) **Karel A. Lehrman, Clerk** |
| v. | ) |
| | ) **THIS IS AN UNPUBLISHED** |
| JOHN ANDREW CRAVEN, SR., | ) **OPINION AND SHALL NOT** |
| | ) **BE CITED AS AUTHORITY** |
| Defendant-Appellant. | ) |
| | ) |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Nancy Baskin, District Judge.

Judgment of conviction, vacated and case remanded.

Eric D. Fredericksen, State Appellate Public Defender; Andrea W. Reynolds, Deputy Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Kale D. Gans, Deputy Attorney General, Boise, for respondent.

---

GRATTON, Chief Judge

John Andrew Craven, Sr., appeals from his judgment of conviction for failure to register as a sex offender. We vacate the judgment of conviction and remand for further proceedings.

**I.**

**FACTUAL AND PROCEDURAL BACKGROUND**

Craven was previously convicted of rape and required, by his judgment of conviction, to register as a sex offender under the Sex Offender Registration Act. In December of 2014, Craven resided in a Boise motel and properly registered his address with the Idaho Sex Offender Registry as that of the motel (including his motel room number). In August 2015, Craven checked out of the motel as a result of financial difficulty. Conflicting testimony at trial was presented regarding Craven's residence after he checked out of the motel. At trial, Craven contended that he moved from the motel room to his vehicle in the motel parking lot. It is undisputed that Craven did not notify the Ada County Sheriff's Office of any change in his

1

address after he checked out of the motel room. Subsequently, Craven was arrested on a separate parole offense and charged with failure to register as a sex offender under Idaho Code §§ 18-8309, 18-8311, and a persistent violator enhancement, I.C. § 19-2514. At trial, the jury instructions failed to include the knowledge element of the offense. The jury convicted Craven of failing to register as a sex offender. Subsequently, Craven pled guilty to the State's charge of being a persistent violator. The district court imposed a sentence of eighteen years with three years determinate. Craven timely appeals.

## II.

## ANALYSIS

On appeal, Craven argues that the elements instruction issued by the district court violated Craven's right to due process and constitutes fundamental error. The State argues that Craven's failure to object to the elements instruction at trial bars his right to challenge the instruction under both the invited error doctrine and Idaho Criminal Rule 30(b). In the alternative, the State asserts that Craven has failed to show that the absence of the knowledge element in the elements instruction rises to the level of fundamental error. Whether a jury has been properly instructed is a question of law over which we exercise free review. *State v. Severson*, 147 Idaho 694, 710, 215 P.3d 414, 430 (2009). When reviewing jury instructions, we ask whether the instructions as a whole, and not individually, fairly and accurately reflect applicable law. *State v. Bowman*, 124 Idaho 936, 942, 866 P.2d 193, 199 (Ct. App. 1993).

Craven was convicted under I.C. § 18-8311 which states, in part, "An offender subject to registration who knowingly fails to register, verify his address, or provide any information or notice as required by this chapter shall be guilty of a felony." The State proposed the following elements instruction, based on Idaho Criminal Jury Instruction 985:

INSTRUCTION NO. 13
In order for the defendant to be guilty of FAILURE TO REGISTER AS A SEX OFFENDER, the State must prove each of the following:
1. On or after the 19th day of August, 2015;
2. in the State of Idaho;
3. the defendant, JOHN ANDREW CRAVEN SR., failed to register a change in his street address or actual address;
4. in person at the office of the sheriff of the county in which the defendant resided or was temporarily domiciled;
5. within two (2) working days after the change; and
6. the defendant was at this time required to register under the Sex Offender Registration Act.

2

If any of the above has not been proven beyond a reasonable doubt, you must find the defendant not guilty. If each of the above has been proven beyond a reasonable doubt, then you must find the defendant guilty.

Craven did not object to the proposed instruction, and the instruction was given to the jury. Following this instruction, the jury proceeded to deliberation and sent a question to the court: "What is the legal definition in Idaho of 'residence,' and 'mailing address,' and is room number or apartment number a requirement of/required component of either residence or mailing address?" The district court provided the following written response to the question:

> For purposes of this case, "residence" means the offender's present place of abode. The term mailing address is not defined by the statute. Terms which are of common usage and are sufficiently generally understood need not be further defined by the Court.
> The elements you must find in this case are set forth in the jury instructions previously provided by the Court.

The pattern Idaho Criminal Jury Instruction given at trial does not include the knowledge element of the offense. Therefore, Craven claims that this instruction relieved the State of its burden to prove that Craven had the requisite knowledge to commit the charged offense, and thus constitutes fundamental error.

## A. Invited Error Doctrine

First, the State argues that Craven's claim is barred by the invited error doctrine. The doctrine of invited error applies to estop a party from asserting an error when his or her own conduct induces the commission of the error. *State v. Atkinson*, 124 Idaho 816, 819, 864 P.2d 654, 657 (Ct. App. 1993). The State contends that because Craven affirmatively stated "no objection" to the elements instruction when he was solicited to give input, and then affirmatively agreed with the district court's proposed response to the jury's question which reaffirmed the elements instruction, this amounts to invited error. We disagree. Craven did not request nor urge the district court to give the elements instruction he now challenges on appeal. The State's argument puts great weight on Craven's counsel "specifically requesting the court give an *additional* instruction, in response to the jury questions." At trial, Craven's counsel stated, "We would request that be given as stated," after the district court explained how it was planning on answering the jury's question. Craven's counsel did not play an important role in giving, let alone reaffirming, the elements instruction. Counsel failed to register an objection to the court's instructions. Because failure to object to a jury instruction does not amount to invited error,

3

Craven's claim is not barred by this doctrine. *See State v. Perry*, 150 Idaho 209, 224, 245 P.3d 961, 976 (2010).

**B.     Idaho Criminal Rule 30(b)**

Second, the State argues that Craven is procedurally barred from appealing under Idaho Criminal Rule 30(b). The rule states, in part, "No party may assign as error the giving of or failure to give an instruction unless the party objects to the action before the jury retires to consider its verdict." I.C.R. 30(b)(4). Consequently, the State is correct that Rule 30(b) precludes Craven's challenge to the jury instruction for the first time on appeal. However, under the Supreme Court's holding in *State v. Hall*, 161 Idaho 413, 387 P.3d 81 (2016), a party that fails to object to a jury instruction at trial may nonetheless challenge the instruction on appeal under the fundamental error doctrine. *Id.* at 422, 387 P.3d at 90. We therefore conclude that, although under Rule 30(b) he cannot assign error to the jury instruction, Craven can raise the issue as a claim of fundamental error.

**C.     Fundamental Error**

Craven argues that, although he did not object at trial, the district court erred when it failed to properly instruct the jury as to the knowledge element of the offense as set forth in I.C. § 18-8311(1), and the error must be reviewed under the fundamental error test articulated in *Perry*. Generally, issues not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992). Idaho decisional law, however, has long allowed appellate courts to consider a claim of error to which no objection was made below if the issue presented rises to the level of fundamental error. *See State v. Field*, 144 Idaho 559, 571, 165 P.3d 273, 285 (2007); *State v. Haggard*, 94 Idaho 249, 251, 486 P.2d 260, 262 (1971). In *Perry*, the Idaho Supreme Court abandoned the definitions it had previously utilized to describe what may constitute fundamental error. *Perry*, 150 Idaho at 220-27, 245 P.3d at 972-79. The *Perry* Court held that an appellate court should reverse an unobjected-to error when the defendant persuades the court that the alleged error: (1) violates one or more of the defendant's unwaived constitutional rights; (2) is clear or obvious without the need for reference to any additional information not contained in the appellate record; and (3) affected the outcome of the trial proceedings. *Id.* at 226, 245 P.3d at 978.

4

### 1. The alleged error violated an unwaived constitutional right

Craven argues that the elements instruction violated his due process right because it relieved the State from proving that Craven *knowingly* failed to register. The United States Supreme Court has held that, in criminal trials, "the State must prove every element of the offense, and a jury instruction violates due process if it fails to give effect to that requirement." *Middleton v. McNeil*, 541 U.S. 433, 437 (2004). In cases where the jury instructions omit an essential element of the crime, the defendant's right to due process is violated. *State v. Anderson*, 144 Idaho 743, 749, 170 P.3d 886, 892 (2007). The State acknowledged that a constitutional issue is present because the error relieved the State of its burden to prove an element of the offense, but nonetheless argues that Craven waived any claim by stating that there was no objection to the court's instructions.

The State argues that stating no objection amounts to a waiver of the constitutional right. The State cites no authority for this proposition. A failure to object is simply not the type of waiver of a constitutional right contemplated by *Perry*.

Here, the State does not dispute that the elements instruction provided at trial was incomplete. The elements instruction failed to include the knowledge requirement of the offense which is specifically set forth in I.C. § 18-8311(1). Therefore, the State was relieved from proving that Craven "knowingly failed to register" as an element of the offense. Accordingly, Craven's right to due process was violated and the first prong of *Perry* is satisfied.

### 2. The alleged error is clear

The second prong of *Perry* requires that the error is clear or obvious without need for reference to additional information not contained in the appellate record. Under the circumstances of this case, the second prong of *Perry* is established. It is clear from the record that the presumptively correct[1] pattern jury instruction is wrong as it omits an essential element of I.C. § 18-9311 germane to the offense and defenses raised thereto.

### 3. The alleged error affected the outcome of trial proceedings

Craven argues that he was harmed by the error. Conversely, the State maintains that the inclusion of the knowledge element would not have helped Craven below. The third prong of the *Perry* analysis requires the appellant to show that where the jury instructions improperly omitted one element of a charged offense, the error was not harmless. *Perry*, 150 Idaho 209,

---

[1] *State v. Reid*, 151 Idaho 80, 86, 253 P.3d 754, 760 (Ct. App. 2011).

5

224, 245 P.3d 961, 976. In addressing the harmless error test, the *Perry* Court explicitly held, "[W]here the evidence supporting a finding on the omitted element is overwhelming and uncontroverted, so that no rational jury could have found that the state failed to prove that element, the constitutional violation may be deemed harmless." *Id.*

Here, the instructional error was not harmless. Evidence supporting a finding that Craven "knowingly failed to register" is not overwhelming and uncontroverted. Craven argued at trial and now on appeal, that he did not know that moving from the motel room to the parking lot was a change of residence which would obligate him to update his address. The State argues that the missing element is harmless because had the knowledge element been implemented, it would apply specifically to 13.3 of the instruction, and thus require that the jury find only that Craven "knowingly failed to register." The State asserts that the knowledge element does not modify 13.6 of the instruction, and thus does not require the jury to find that Craven knew that he changed residences. We do not find that the knowledge element of the offense is mutually exclusive to 13.3 of the instruction. If, as Craven asserted at trial and argues on appeal, he did not know that he had to notify officials when he moved from inside the motel to the parking lot under 13.6, then Craven could have asserted a factual tie to the requirement that he knowingly failed to register under 13.3 of the instruction. In addition, the burden is on the State to prove every element of the offense beyond a reasonable doubt at trial. Because the elements instruction did not require the jury to find any knowledge on the part of Craven, the instruction essentially set forth a strict liability crime. Had the jury been properly instructed, there is a reasonable likelihood that the result would have been different. For the reasons set forth above, Craven has carried his burden on every prong of the *Perry* analysis and use of the pattern elements instruction constitutes fundamental error.

### III.

### CONCLUSION

The district court's failure to instruct the jury regarding the knowledge element of the offense amounts to fundamental error. We vacate Craven's judgment of conviction and remand this case to the district court for further proceedings.

Judge GUTIERREZ and Judge LORELLO CONCUR.

6